**John F. Horan, Plaintiff-Appellee, v. Wilbert M. Foley, etc., et al., Defendants-Appellants.**

**Gen. No. 48,663.**

First District, First Division.

January 18, 1963.

Rehearing denied February 7, 1963.

459

George A. Lane, of Chicago (Morris Kaplan, and Fred Herzog, of counsel), for appellants.

Michael F. Ryan and Richard F. McPartlin, of Chicago, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an action for a declaratory judgment. Plaintiff, John F. Horan, an employee of the Metropolitan Sanitary District of Greater Chicago, seeks a judgment declaring that the defendants, members of the Civil Service Board of the District, have lost jurisdiction to hear or to determine charges filed against him.

Defendants appeal from a judgment on the pleadings in favor of plaintiff, entered after a denial of their motion to dismiss.

The principal question is whether plaintiff was entitled to judicial relief before he had exhausted the administrative remedies available to him. Plaintiff's theory is that he was entitled to challenge the jurisdiction of the Board judicially "without waiting to go through the useless and expensive process of a full hearing before the Board." The complaint alleges all of the factual recitations made in this opinion.

On August 8, 1961, plaintiff was notified by the acting general superintendent of the district that he was suspended from his civil service position for a period of 30 days commencing August 12, 1961. On August 25, 1961, plaintiff was personally served with "Notice and Charges," "Statement of Charges," and "Specifications," by which he was informed that charges had been filed against him and that the Civil Service Board had set the matter for hearing on September 12, 1961. Plaintiff was informed of his right to be heard, with counsel, in his own defense.

On September 8, 1961, plaintiff's attorneys mailed to the Board a "motion to quash and dismiss charges," based on the contention that the statutory 30 days from date of suspension, within which the Board was empowered to conduct the hearing, would expire prior to September 12, 1961. Plaintiff was absent from Chicago from September 8 until about 1:00 p. m., September 11, 1961. Upon returning home, he was handed, by his wife, two sealed envelopes bearing his name and address. He brought the envelopes to the office of his attorneys, where they were opened in his presence. The envelopes contained "Notices of Resetting" in the matter of charges filed against the plaintiff as aforesaid, advising that the hearing thereon would be held on Monday, September 11, 1961, at 10 o'clock

a. m. at the place indicated in the original notice of August 25, 1961. Plaintiff was served neither personally, nor by registered mail, with the "Notice of Resetting."

On September 12, 1961, plaintiff, with his attorneys, appeared at the time and place indicated in the notice served upon him on August 25, 1961. He was there informed that the defendant members of the Board had convened on Monday, September 11, 1961, with respect to the charges filed against him, and that the matter had been "continued" to September 12, 1961. Neither plaintiff nor his attorneys were present on September 11, 1961, and he did not request or consent "to the 'continuance' of any hearing from September 11, 1961, to September 12, 1961."

On September 12, 1961, the Board denied plaintiff's motion to quash and dismiss the charges; it allowed his motion for a bill of particulars, and continued the hearing to October 3, 1961. On that date, plaintiff again moved to quash and dismiss the charges on the ground of the Board's asserted lack of jurisdiction; after consideration, the Board on October 4, 1961, advised plaintiff "that it had determined it had jurisdiction to proceed in the matter of the charges" and continued further hearing to October 16, 1961. Plaintiff then brought this action on October 11, 1961.

Defendants' motion to dismiss, denied by the trial court, was on the ground that the trial court was without jurisdiction of the subject matter, since plaintiff had not exhausted the administrative remedies available to him. As the defendants elected to stand on their motion to dismiss the complaint, the court sustained plaintiff's motion for judgment on the pleadings and declared and found that "defendants herein have no jurisdiction to proceed to a hearing or to determine the charges filed against plaintiff John F. Horan, under date of August 25, 1961, because of the failure of

462

said Board to properly convene for, or to conduct a hearing on said charges within the thirty-day period from plaintiff's suspension under said charges, as required by the statute and rules . . . ."

■ ■ Defendants' objection to judicial review at this stage of the proceedings is based on the doctrine of exhaustion of administrative remedies—"the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." (Myers v. Bethlehem Shipbuilding Corp., 303 US 41 (1938).) The doctrine of exhaustion of remedies is followed in Illinois. (Bright v. City of Evanston, 10 Ill2d 178, 139 NE2d 270 (1956); Brader v. City of Chicago, 26 Ill2d 152, 185 NE2d 848 (1962).) "The courts of this state have refused to interfere with administrative hearings and have forced complainants to exhaust their administrative remedies before appealing to the judiciary." People ex rel. Trapp v. Tanner, 19 Ill App2d 138, 146, 153 NE2d 246 (1958).

Our Supreme Court has indicated that the exhaustion doctrine is subject to limitation. In Bright v. City of Evanston, 10 Ill2d 178, 139 NE2d 270 (1956), the court said (pp 184, 185):

> "[W]here it is claimed the effect of an ordinance as a whole is to unconstitutionally impair the value of the property and destroy its marketability, direct judicial relief may be afforded without prior resort to remedies under the ordinance. . . . Under this rule one who seeks relief from an ordinance on the ground that it is void in its entirety is not obliged to pursue the machinery of the ordinance itself for his remedy.
>
> "On the other hand, where the claim is merely that the enforcement or application of a particular classification to the plaintiff's property is unlaw-

463

ful and void, and no attack is made against the ordinance as a whole, judicial relief is appropriate only after available administrative remedies have been exhausted."

Similarly, when the power of the Chicago Civil Service Commission to demote police officers in large numbers was attacked in People ex rel. Hurley v. Graber, 405 Ill 331, 90 NE2d 763 (1950), our Supreme Court did not require that the police officers therein exhaust their various administrative remedies before seeking judicial relief. There, the attack on the Commission's power was based on its asserted lack of jurisdiction to proceed with the intended demotions. We conclude, here, that the trial court had jurisdiction to consider the merits or sufficiency of plaintiff's complaint.

■ This being so, we now consider the merits of plaintiff's contention that the Board lost jurisdiction of the subject matter of the charges against plaintiff prior to September 12, 1961, and had no jurisdiction of the person of plaintiff on September 11, 1961, and had actually lost jurisdiction of the subject matter of the charges after 30 days from August 4, 1961.

The statute and Board rules provide that the "charges" "shall be investigated" or "heard" "within thirty days from the date of suspension under such charges." (Ill Rev Stats 1959, c 42, § 323.14 and Civil Service Board Rule 12.03.) The statute (§ 323.14) provides that the charges shall be written; that the employee shall have an opportunity to be heard in his own defense, with the aid of counsel; and that the hearing shall be public. The statute further provides that "the hearing may be postponed or continued with the consent of the accused." The statute does not specify the manner of service of notice of the charges.

Rule 11.052 of the Board provides for "service of charges" against an employee by causing "a copy

464

thereof to be served personally upon the employee or by registered mail addressed to the employee at his last known residence. Such service shall include notice to the employee informing him of the time and place of the hearing on such charges . . . ."

Except for the date for which the hearing was set, plaintiff does not contend that the "Notice and Charges" served personally on him on August 25, 1961, was deficient in any respect. Therefore, the question resolves itself to the narrow point of whether the Board was without power, within 30 days from August 12, 1961, to reset the hearing date of the charges. Neither side cites any authority on this question.

We believe that since plaintiff was served personally on August 25, 1961, with a copy of the charges filed against him, the Board properly acquired jurisdiction of plaintiff and the subject matter. The inclusion of a notice of the time and place of the hearing on such charges beyond the required 30 days did not prevent the Board from acquiring jurisdiction nor cause it to lose jurisdiction.

■ Generally, regulations designed to secure order, system and dispatch in proceedings, cannot be disregarded where the rights of the parties interested may be injuriously affected. However, plaintiff suffered no injury by reason of the original scheduling of the hearing for September 12, nor by the rescheduling it for September 11, which was done within the 30-day period, even though his complaint alleges that the notice of the resetting did not personally reach him before the latter time. Also, plaintiff suffered no injury because the hearing was postponed from the 11th to the 12th without his consent. We conclude that this rescheduling of the hearing date by the Board did not cause it to lose jurisdiction.

■ Neither the statute nor the Board rules provides for the service of a notice which informs an em-

465

ployee of the resetting of a hearing date. The pertinent provisions of the Civil Practice Act and the Illinois Supreme Court rules provide a proper yardstick in this respect.

The complaint shows that plaintiff was absent from the city from September 8 until September 11, 1961, so that service on plaintiff personally of notice of resetting of the hearing date was not possible. In his absence, two sealed envelopes bearing his name and address, and containing "Notices of Resetting," were delivered to his wife, and she, in turn, delivered them to him on his return. We believe that the service on plaintiff of notice of the rescheduled date was reasonable and proper under the circumstances.

■ Plaintiff also contends that the notice resetting the hearing for September 11, 1961, was inadequate because Rule 11.051 requires charges to be filed with the superintendent of employment "not less than 5 days prior to the expiration of the suspension period." From this, plaintiff argues "that the Board intended all permanent employees to receive 5 days' notice of the hearing on charges," and "even were it presumed that the plaintiff received proper notice, personally or by registered mail, on September 8, 1961, said notice would not comply with the time limit provisions of the Rules of the Civil Service Board." We are not persuaded that this provision intended that employees are to receive 5 days' notice either of the hearing on charges or of any resetting of the date of hearing.

■ Plaintiff also contends that the Board lost jurisdiction of the subject matter of the charges after 30 days from plaintiff's suspension on August 4, 1961. This contention is not supported by the complaint. In a letter to plaintiff dated August 4, 1961, the general superintendent said: "Please be advised that you are hereby suspended from your position of Chief Operating Engineer for a period of thirty (30) days. The

466

date beginning your suspension will be determined by the Chief Engineer and you will be so advised." This was followed by a letter to plaintiff dated August 8, 1961, from the acting general superintendent, in which it is said: "Please be advised that you are hereby suspended from your position of Chief Operating Engineer for a period of thirty (30) days, commencing August 12, 1961." Plaintiff was permitted to perform his duties and received his salary to and including August 11, 1961. We believe the letter of August 8, 1961, properly determined that plaintiff was suspended for a period of 30 days, "commencing August 12, 1961."

■ We conclude, from the allegations of the complaint, that the defendants had jurisdiction to proceed to a hearing and to determine the charges served personally on plaintiff under date of August 25, 1961. Therefore, the trial court should have sustained defendants' motion to dismiss, because plaintiff had failed to exhaust his administrative remedies.

The judgment of the trial court is reversed and plaintiff's action is ordered dismissed here.

Reversed and ordered dismissed here.

BURMAN, P. J. and ENGLISH, J., concur.