WELDON CO-OPERATIVE GRAIN COMPANY, Petitioner *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

(No. 12122;

Fourth District—January 28, 1975.

84

Lawrence Eaton, of Monticello, for petitioner.

William J. Scott, Attorney General, of Springfield (Thomas J. Immel and Thomas A. Cengel, Assistant Attorneys General, of counsel), for respondents.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The Environmental Protection Agency by its amended complaint filed with the Pollution Control Board (PCB) charged the Weldon Co-Operative Grain Company (Weldon) with violating section 9(a) of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1009(a)) and specified rules of the Air Pollution Control Board. After hearings, the PCB found that Weldon was in violation of the Act and imposed a $500 fine for the violation and further ordered that Weldon submit a program for ultimate compliance with the Act. Weldon petitions for review under provisions of the Environmental Protection Act and the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1041; Ill. Rev. Stat. 1971, ch. 10, par. 264 *et seq.*). We affirm.

In its petition, Weldon does not contend that the findings of the PCB as to the existence of violations were against the manifest weight of the evidence. Rather, Weldon contends that the Environmental Protection Act is unconstitutional for a diverse number of reasons and further that requiring it to comply with the order of the PCB imposes an arbitrary and unreasonable hardship.

■■ In our opinion, each of the arguments advanced by Weldon is

without merit and each has been definitively disposed of contrary to Weldon's view by the courts. We will summarize the contentions and the holdings: (1) The Environmental Protection Act is not unconstitutional under the doctrine of separation of powers. (*City of Waukegan v. Pollution Control Board*, 57 Ill.2d 170, 311 N.E.2d 146.) (2) the terms "contaminant" and "air pollution" are not so vague as to confer arbitrary power upon the PCB. (*Mystik Tape v. Pollution Control Board*, 16 Ill. App.3d 778, 306 N.E.2d 574, *appeal allowed*, 56 Ill.2d 583; *W.F. Hall Printing Co. v. Environmental Protection Agency*, 16 Ill.App.3d 864, 306 N.E.2d 595.) (3) The Environmental Protection Act is not unconstitutional because it authorizes the imposition of civil penalties in the form of fines without provision for a jury trial. (*City of Monmouth v. Pollution Control Board*, 57 Ill.2d 482, 313 N.E.2d 161.) (4) The contentions of Weldon with reference to evidentiary matters and burden of proof are answered in the recent supreme court opinion in *Incinerator, Inc. v. Pollution Control Board*, 59 Ill.2d 290, 319 N.E.2d 794. Furthermore, Weldon's contention in this regard fades into insignificance in face of its express concession made at oral argument that the findings of the PCB are not against the manifest weight of the evidence. (5) We find no merit in Weldon's contention that section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1041) is unconstitutional in that it purports to amend section 5 of the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 268) without compliance with the constitutional mandate that the amended section be inserted at length in the new act. The Administrative Review Act expressly provides that it is applicable to and governs every action to review judicially a final decision of any administrative agency where the act creating the agency or conferring power on it by express reference adopts the provisions of the Administrative Review Act. Such is the circumstance here. (Also see *The Hertz Corp. v. Taylor*, 15 Ill.2d 552, 155 N.E.2d 610.) The Environmental Protection Act adopts and incorporates the Administrative Review Act as is the case with innumerable other acts providing for judicial review. In the case of the Environmental Protection Act, there is a difference in that judicial review is initiated in the appellate rather than the circuit court. This can hardly be urged to be of any constitutional magnitude in view of the express constitutional authorization to place such review in the appellate courts. See Ill. Const. (1970), art. VI, sec. 6.

At the time of the enactment of the Environmental Protection Act, the General Assembly stated its purpose to be to establish a unified statewide program to restore, protect, and enhance the environment. (Ill. Rev. Stat. 1971, ch. 111½, par. 1002(b).) Judicial review in the

appellate court as provided in section 41 of the Act eliminates two-court review and should result in more expeditious judicial determination of the issues sought to be administratively reviewed.

■■ Finally, Weldon's contention that compliance with the order of the PCB would impose an arbitrary and unreasonable hardship is not persuasive upon this record and in view of the language of the order under review which is supported by evidence in the record. The nature and extent of the compliance program as set forth in the order is as follows:

> "Coupled with this, we find that Respondent could take significant steps at minimum cost to ameliorate this condition. Maintenance and improvement of existing facilities such as the canvas bags in the loading area would go far to abate this nuisance. Testimony with respect to the need for an expenditure of $113,000 to install new air pollution abatement equipment indicates that this figure is far more than necessary than needed to eliminate the nuisance since by this proceeding, we are not finding a violation of the regulations, but only a violation of the air pollution provisions of the statute. Respondent's thrust should be directed toward repairing and improving its existing facilities including the maintenance of the primary cyclones and installation and repair of its canvas bags used in minimizing the dust emissions from loading and unloading operations. In our view, the abatement of the primary nuisance can be achieved with relatively slight expenditure and by improved housekeeping practices without the need for installation of expensive new air pollution abatement equipment. We shall order Respondent to submit a program to achieve this result and ask for its evaluation by the Environmental Protection Agency."

We find this neither arbitrary nor unreasonable. The order of the PCB is affirmed.

SIMKINS, P. J., and TRAPP, J., concur.