THE CITY OF CHICAGO, Plaintiff-Appellee, v. FAIR EMPLOYMENT PRAC-
TICES COMMISSION et al., Defendants-Appellants.

(No. 60172;

First District (5th Division)—September 12, 1975.

*Modified upon denial of rehearing October/17, 1975.*

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, As-
sistant Attorney General, of counsel), for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale,
Ann Acker, and John C. Lunsford, Assistant Corporation Counsel, of
counsel), for appellee.

Thomas P. Stillman and John M. Kimpel, both of Mandel Legal Aid
Clinic, of Chicago, for *amicus curiae.*

Mr. JUSTICE SULLIVAN delivered the opinion of the court as modi-
fied, upon denial of petition for rehearing:

This is an appeal from an order permanently enjoining the Fair Em-
ployment Practices Commission (the Commission) from proceeding with
public hearings on charges made against the City of Chicago (the City)

for unfair employment practices. The City contends the Commission lost jurisdiction over the matter by failing to conduct a hearing within 60 days of the service of the complaint. The facts are essentially as follows.

On June 19, 1973, Susie Bates, a janitress employed by the City, filed a timely charge with the Commission against her employer. After the failure of efforts to settle or adjust, the Commission—on July 30, 1973, within the 180-day period allowed for the Commission's action—issued its complaint against the City, pursuant to section 8.01(a) of the Fair Employment Practices Act (Ill. Rev. Stat. 1973, ch. 48, par. 858.01(a)), which provides in pertinent part:

> "In case of failure to settle or adjust any such charge by conference and conciliation in accordance with Section 8 of this Act, the Commission shall cause to be issued and served upon such respondent a written complaint, under oath or affirmation, stating the charge of unfair employment practice substantially as alleged in the charge theretofore filed with the Commission as hereinbefore provided in Section 8 of this Act and the relief sought on behalf of complainant and containing a notice of public hearing before a commissioner or a duly appointed hearing examiner at a place therein fixed, *to be held not less than 20 nor more than 60 days after the service of such complaint.*" (Emphasis added.)

The complaint initially set September 7, 1973, as the date for the hearing, a period not less than 20 nor more than 60 days after the service.

Under section 8.01(b),[1] the City then had 30 days—or, in this instance, until August 29, 1973—within which to file its answer or a motion to dismiss the complaint. On August 28, 1973, the City moved to dismiss the complaint and, alternatively, to continue the public hearing should its motion to dismiss be denied. On September 13, 1973, the hearing examiner denied the motion to dismiss; allowed the City 15 days within which to file its answer, as provided by section 8.01(b); and granted the motion to continue, rescheduling the public hearing for Tuesday, October 23, 1973.

On that date, 83 days after service of the complaint, a public hearing was convened. At the outset, the hearing examiner asked counsel for the City if there was any objection to the timeliness of the proceeding. Coun-

---

[1] Section 8.01(b) provides in pertinent part that:
"In the event that the respondent files a motion to dismiss the complaint within 30 days and the motion is denied by the commissioner or hearing examiner conducting the public hearing, the time for filing the answer shall be within 15 days of the date of denial of the motion."

sel replied that there was no objection, but later that same day he made an oral motion to dismiss the charge on the ground that the hearing was not held within the 60-day period following service of the complaint. The hearing examiner denied the motion and continued the hearing without date.

Thereafter, the hearing was rescheduled for December 10, 1973. In the interim, on November 20, 1973, the City filed a motion with the Commission to vacate the hearing examiner's denial of its motion to dismiss and prayed for an order dismissing the action on the ground of lack of jurisdiction. It contended that the language of section 8.01(a) was mandatory and required that a hearing be held not less than 20 nor more than 60 days after the service of the complaint.

On December 3, 1973, the Commission denied the City's motion to vacate. Two days later the City filed the instant action in the Circuit Court of Cook County praying for injunctive and declaratory relief, asserting that the Commission lacked jurisdiction because of failure to hold the hearing within 60 days of service of the complaint. There was a finding that the City's motion stated facts sufficient to warrant granting a temporary restraining order. Subsequently, the trial court (1) entered a permanent injunction against defendants from proceeding with the cause; (2) held that section 8.01(a) "is clearly negative and mandatory insofar as the time within which the Fair Employment Practices Commission must commence a public hearing"; (3) dismissed the complaint before the Commission; and (4) held that the Commission had lost jurisdiction of the case inasmuch as a hearing had not been held within 60 days of the service of the complaint, as required by the statute. The Commission brings this appeal from that order.

OPINION

Initially, the Commission objects to the City's failure to exhaust its administrative remedies. As a general rule, such a failure would preclude relief; however, the exhaustion doctrine is not applied where there is an objection that the statute sought to be enforced is void on its face (*Bright v. City of Evanston*, 10 Ill.2d 178, 139 N.E.2d 270), or that an administrative agency has no power to proceed because it lacks jurisdiction (*W. F. Hall Printing Co. v. Environmental Protection Agency*, 16 Ill.App.3d 864, 306 N.E.2d 595; *Horan v. Foley*, 39 Ill.App.2d 458, 188 N.E.2d 877). Thus, in *Horan*, the objection was made that the Civil Service Board had lost jurisdiction to consider charges against an employee where the date set for hearing of the charges was beyond the statutorily required 30 days from the date of suspension. There, a motion to dismiss on that ground was denied by the Board. The *Horan* court held that a

challenge to an agency's jurisdiction is an exception to the exhaustion doctrine, and it proceeded to determine the matter on the merits.

Likewise, the objection here is addressed to the jurisdiction of the Commission to proceed with the hearing. As such, it falls within the *Horan* exception to the exhaustion doctrine, and we therefore will consider the merits of the cause presented.

In this regard, the City contends that the language of section 8.01(a) is directed toward the period within which a hearing must be held and is not merely directory but mandatory. This construction is required, it argues, by the fact that the statute contains negative words which deny the exercise of the power after the time stated. In support thereof, it cites the following language from *Carrigan v. Illinois Liquor Control Commission*, 19 Ill.2d 230, 233, 166 N.E.2d 574:

> "[W]here such statute contains negative words, denying the exercise of the power after the time named, or where a disregard of its provisions would injuriously affect public interests or private rights, it is not directory but mandatory."

Thus, it is asserted, the language in section 8.01(a) "to be held not less than 20 nor more than 60 days after the service of such complaint" is negative and therefore mandatory.

The Commission counters this argument by first stating that section 8.01(a) requires only that a proper complaint be served and that the complaint set a time for the hearing within the limitation which could then be continued as circumstances required. Alternatively, it suggests that if the time restrictions are addressed to the actual commencement of the hearing itself, then the language should be construed as merely directory in nature and not mandatory. The Commission calls our attention to the following language contained in *Zbinden v. Bond County Community Unit School District*, 2 Ill.2d 232, 236, 117 N.E.2d 765:

> "No universal rule can be fixed between directory and mandatory provisions of the statutes. Whether it is one or the other depends upon the legislative intention, to be ascertained from the nature and object of the act and the consequences which would result from construing it one way or another."

In light of these factors, the Commission argues that a construction of the language of the statute as mandatory would negate the purpose of the Act and defeat the legislative intent, since other time provisions in the Act for pleadings could readily be used to extend the time for hearing beyond the 60-day period and thereby divest the Commission of jurisdiction. It points out the following provisions contained in section 8.01(b):

> "Any complaint may be amended under oath by leave of the

Commission or any member thereof upon reasonable notice to all interested parties at any time prior to the issuance of an order based thereon. * * * The respondent shall file an answer under oath or affirmation to the original or amended complaint within 30 days of the date of service thereof, but the chairman of the Commission may, for good cause shown, grant further time for the filing of an answer. In the event that the respondent files a motion to dismiss the complaint within 30 days and the motion is denied by the commissioner or hearing examiner conducting the public hearing, the time for filing the answer shall be within 15 days of the date of denial of the motion."

Utilizing these provisions for extensions of time, it postulates the following scenario of events which could necessitate a hearing being held after the 60-day period:

"On January 1, a complaint is filed and served. The respondent has until January 31, to answer. On January 27, the petitioner amends the complaint, thus the respondent has an additional 30 days to answer or until March 2. (Already some 57 days have elapsed within the 60-day time span.) However, assume that either the Chairman of the Commission extends the time to answer (for good cause shown) or the petitioner files a motion to dismiss. Even if the Chairman were to extend the time to answer only 1 or 2 days (58th and 59th days) it would mean that he would have to schedule and notify all concerned that a public hearing would be held the next day. More absurdly, it is easily possible to assume that if the respondent had motioned to dismiss the complaint on the 57th day, he would be entitled as a matter of right to 15 days to answer were the hearing officer to rule on and deny his motion that same day. Hence, the 60-day time period would have been passed." (Emphasis deleted.)

The likelihood of such a situation arising is exemplified by the time sequence herein. The original complaint was filed July 30, 1973, and the hearing was set for September 7. On August 28, within the 30 days allotted, the City filed a motion to dismiss, which was denied on September 13. The City then had 15 days to file its answer.[2] It did so on September 26, 1973, which was just two days before the expiration of the 60-day period. Nevertheless, the City urges that the wording of the statute, "to be held not * * * more than 60 days" required that the hearing be completed within the 60-day period. We are not convinced by this argument.

---

[2] Section 8.01(b); see note 1, *supra.*

It is indicated to us, in viewing the statute as a whole, that section 8.01(b) does not require a hearing to be held not less than 20 nor more than 60 days from the date of service in order for the Commission to retain jurisdiction. We believe the time proscription merely requires that the complaint set a date for hearing within the time limits allowed, after which a continuance may be granted as the circumstances require. We note that section 8.01 is entitled, "Procedure-Complaint, answer, hearing and order." The content of the section follows that sequence with the phrase in question contained within subsection (a) which is primarily addressed to the elements of the complaint. This subsection also requires that the Commission act on a charge within 180 days of its filing and either dismiss the charge or "issue and serve a complaint *in the manner and form set forth in this Section.* (Emphasis added.) The reference to the hearing itself is contained in the last paragraph of subsection (b) and in subsection (c). Had a time limitation on the commencement of the hearing been the legislative intent, such provision would more likely have been placed in those subsections which address the hearing itself. Thus, the very order of the statute lends credence to the Commission's argument that the provision is addressed to the form of the complaint, which we believe to be the proper interpretation of the legislative intent.

Nonetheless, even should we consider the language as a limitation on the time for hearing, we believe it could only be construed as directory and not mandatory. To hold otherwise would negate the purpose of the Act and penalize the complainants for errors committed by the Commission. This rationale was expressed in *Moss-American, Inc. v. Illinois Fair Employment Practices Commission,* 22 Ill.App.3d 248, 317 N.E.2d 343, wherein the objection was made that the F.E.P.C. had not acted within the 180-day period following the filing of a charge and during which period the Commission was required by statute [3] to either serve a complaint on the claimed offender or order that no complaint issue. There, the complaint was not filed until the 183rd day, and it was contended that the Commission lost subject matter jurisdiction. The court held that if there was a jurisdictional limitation period in actions before the F.E.P.C., it should be only the period between the discriminatory event and the filing of the charge; *i.e.,* the period in which the alleged victim of the discriminatory practice must act. The court states, at pages 253-54:

---

[3] Section 8.01(a) in pertinent part requires that:
"Whenever such a charge of an unfair employment practice has been properly filed, the Commission, within 180 days thereof or within any extension of that 180 day period agreed to in writing by all parties and approved by a member of the Commission shall either issue and serve a complaint in the manner and form set forth in this Section or shall order that no complaint be issued."

"Throughout its argument about the 180-day period as set forth in Section 8(c) of the 1967 Fair Employment Practices Act, appellee takes the position that the 180-day period is a jurisdictional requirement. This is erroneous. If there is a jurisdictional statute of limitations in proceedings before the Commission, it should be the time period that runs between the act complained of and the date on which the charges are filed before the Commission by the person. To hold that an aggrieved party who timely files his charges with the Commission with regard to discrimination of employment will be barred from a remedy simply because the Commission fails to act timely with regard to his charges is tantamount to throwing the employed citizenry of this state to the wolves of bureaucratic indifference. The Commission was created to protect the fundamental and substantial employment rights of the citizenry with regard to nondiscriminatory opportunity in employment. The Commission and the laws which created the laws of the Commission did not contemplate that the Commission's administrative errors would (or could) prejudice such substantial statutory rights. Certainly there is nothing in the 1967 statute to suggest that the rights of the aggrieved party, once he has filed his charge with the Commission, can be forfeited by the Commission's failure to take action."

Furthermore, we note that in *Carrigan* the disputed language of the Illinois Liquor Control Act was construed as directory, since the supreme court found that there was no basis for the appellate court's conclusion that a failure by the Liquor Control Commission to act upon the application for rehearing of an order revoking a liquor license within 20 days injuriously affected the rights of the licensee. Here, we believe a construction of the time limitation as directory would not harm either party. The complainant, while desiring an expenditious hearing, certainly does not want her cause dismissed through an error on the part of the Commission. Likewise, should the City be found in violation of the Act, any delay in reaching such finding could not seriously affect it. If found to be in violation of the Act, it will be required to cease its discriminatory practice and correct the effects of its prior action. If not in violation, then it would only be inconvenienced for the short time required to reach that finding.

Thus, in considering the totality of the Act, including its provisions for extensions of time for pleadings and in the light of the rationale of *Moss-American, Inc.* in refusing to burden a complainant with errors of the Commission, it appears to us that it was not the intent of the legislature that, in all circumstances, the Commission's jurisdiction was dependent

upon the holding of a hearing no later than 60 days from the service of the complaint. Rather, we believe it is proper for the Commission to continue the original hearing date set in the complaint to a date beyond the original 60-day period as the circumstances require. While the legislature no doubt intended that expeditious hearings be held and that matters pending before the Commission be promptly resolved, under the circumstances presented here, we believe the Commission acted properly in extending the hearings. To hold otherwise would place the Commission at the mercy of any recalcitrant and litigious respondent. Conversely, it would also be improper for the Commission to unnecessarily delay its proceedings. Some time restriction in this regard may be in order. However, we do not believe the language in question was intended by the legislature as such a restriction.

In summary, we believe an extension such as granted here does not cause the Commission to lose jurisdiction. Therefore, the trial court's order is reversed, and this cause is remanded with directions to dissolve the injunction and dismiss the City's complaint.

Reversed and remanded with directions.

DRUCKER and LORENZ, JJ., concur.