KENILWORTH INSURANCE COMPANY, Plaintiff-Appellant, *v.* FRED A. MAUCK, Director of the Department of Insurance, Defendant-Appellee.

First District (4th Division)   No. 61443

Opinion filed July 7, 1977.

Sneider and Troy, of Chicago (Richard J. Troy and Gayle F. Haglund, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Stephen R. Swofford, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

On March 15, 1974, subsequent to a "performance re-examination" of plaintiff insurance company, defendant sent plaintiff a copy of the re-examination report and informed it that the report would serve as the basis for corrective action by the Department of Insurance. On April 2, 1974, defendant issued "Filing Orders" in accordance with section 132 of the Illinois Insurance Code (Ill. Rev. Stat. 1971, ch. 73, par. 744) informing plaintiff that sections I through V of the report were being filed as an official record of the Department and instructing plaintiff to take certain

corrective actions in accordance with those sections.[1] On the same date, defendant filed a "Notice of Hearing-Bill of Particulars" informing plaintiff that a hearing was to be held to determine whether there had been violations of sections 154.1 and 154.3 of the Insurance Code (Ill. Rev. Stat. 1973, ch. 73, pars. 766.1, 766.3) and Rule 9.19 of the Illinois Department of Insurance Regulations. A penalty for violation of section 154.1 is suspension of an insurance company's certificate of authority to do business for 30 days.

Plaintiff subsequently brought suit for an injunction and declaratory judgment challenging the constitutionality of section 154.1 and Rule 9.19. The complaint also alleged that defendant never notified or afforded plaintiff an opportunity for a hearing to contest the facts contained in the report, contending that this constituted a denial of equal protection and due process of law. The trial court granted defendant's motion to dismiss the complaint, and denied plaintiff's motion to vacate the dismissal. Pursuant to Supreme Court Rule 305 (Ill. Rev. Stat. 1973, ch. 110A, par. 305), the trial court stayed further hearings by defendant during the pendency of this appeal.

We affirm the judgment of the trial court.

The basis of plaintiff's suit was premised upon the alleged unconstitutionality of section 154.1 of the Insurance Code, Rule 9.19 of the Department, and the Department's lack of jurisdiction because of the denial of due process resulting from the failure to give notice of the proceedings. The Department contends that, prior to suit being brought, plaintiff was required to exhaust its administrative remedies.

■■ Any order of the Director made pursuant to section 154.1(3) of the Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 766.1(3)) is subject to review under the provisions of section 407 of the Code (Ill. Rev. Stat. 1973, ch. 73, par. 1019). Section 407 states that, except as otherwise provided in subsection (1) thereof, the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) shall apply. The Administrative Review Act is the method of reviewing final administration decisions. Under the doctrine of exhaustion, a party aggrieved by administrative action ordinarily cannot seek review in the courts without first pursuing all administrative remedies available to him. (*Illinois Bell Telephone Co. v. Alphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.) The reasons for this requirement have been variously stated, but the rule is primarily designed to allow administrative agencies to correct their own errors, clarify their policies, and reconcile conflicts before resorting to judicial relief. (*W. F. Hall Printing Co. v. Environmental Protection Agency* (1973), 16 Ill. App.

---

[1] Although plaintiff claims that there was a section VI which was "held back" and which formed the basis for further hearings to determine whether punitive measures would be taken, the record does not contain the report or reflect this fact.

3d 864, 306 N.E.2d 505.) In this way, an aggrieved party may succeed before the agency, rendering judicial review unnecessary.

■■ Exceptions to the exhaustion doctrine have been fashioned in recognition of the rule that equitable relief will be available if the remedy at law is inadequate. Thus, exceptions have been recognized where an ordinance or statute sought to be enforced is void on its face (*Bright v. City of Evanston* (1956), 10 Ill. 2d 178, 139 N.E.2d 270) or where an administrative agency has no power to proceed because it lacks jurisdiction (*Horan v. Foley* (1963), 39 Ill. App. 2d 458, 188 N.E.2d 877).

In the present case, plaintiff maintains that section 154.1 is unconstitutional in that it contains an improper delegation of authority and allows a determination by the Director, prior to a hearing, that plaintiff is engaging in improper conduct. Section 154.1 states:

> "(1) *When upon investigation, the Director finds* that any foreign or alien company transacting business in this State, or any domestic company transacting business in this State is habitually and without just cause engaging in a general business practice of unreasonable delay or refusing to pay or to settle claims arising under coverages provided by its policies, and that a proceeding in respect thereto would be in the interest of the public, he shall issue and serve upon such company a statement of the charges in that respect and a notice of a hearing thereon pursuant to Article XXIV. Evidence of such general business practice shall consist of (a) a disproportionate number of meritorious complaints against the insurer received by the Insurance Department, and (b) a disproportionate number of lawsuits filed against the insurer or its insureds by claimants, and (c) *other relevant evidence.*" (Emphasis added.) Ill. Rev. Stat. 1973, ch. 73, par. 766.1.

■■ Plaintiff argues that the phrase "other relevant evidence" is an unlimited delegation of authority to an agency which renders the statute invalid. It is contended that the phrase is so broad as to be without definite meaning. Initially, we note that there is a distinction between the delegation of true legislative power and a delegation to a subordinate to execute the law. "The former involves a discretion as to what the law shall be; the latter is merely an authority or discretion as to its execution, to be exercised under and in pursuance of the law. [Citations.] It is an established rule that the General Assembly cannot delegate its general legislative power to determine what the law shall be. However, it may delegate to others the authority to do those things which the legislature might properly do, but cannot do as understandingly or advantageously. [Citations.] Absolute criteria whereby every detail necessary in the enforcement of a law is anticipated need not be established by the General Assembly. The constitution merely requires that intelligible standards be set to guide the agency charged with enforcement

[citations], and the precision of the permissible standard must necessarily vary according to the nature of the ultimate objective and the problems involved. [Citations.]" *Hill v. Relyea* (1966), 34 Ill. 2d 552, 555, 216 N.E.2d 795, 797; see also *People ex rel. Stamos v. Public Building Com.* (1968), 40 Ill. 2d 164, 238 N.E.2d 390.

■■ In the present case, the Director must find, based upon certain enumerated criteria and "other relevant evidence," that a company is habitually and without just cause engaging in a practice of unreasonable delay or refusing to pay or settle claims. This is a proper guideline for what matters may be considered in making a finding. The legislature, in enacting the statute, was clear in setting forth the wrongs which were intended to be remedied. The facts indicating such practices will vary from case to case, and the Director is merely invested with the power to find that such practices exist.

■■ Plaintiff also contends that the term "find" indicates that the Director must make a determination prior to a hearing. This argument is without merit. The statute simply provides that the Director must find that evidence exists of such practices and that a hearing is warranted.

■■ Furthermore, the contentions raised do not contest the validity of the statute on its face. (*City of Chicago v. Fair Employment Practices Com.* (1975), 32 Ill. App. 3d 242, 336 N.E.2d 359.) Rather, the attack is directed to the application of the statute as it *may* relate to plaintiff. Plaintiff complains that "other relevant evidence" may be utilized which would be unrelated to the charges. There is no basis upon which to hold that the Director will make a determination that plaintiff may be engaging in proscribed practices based upon improper evidence. If such a situation does arise during the course of the administrative process, plaintiff will have ample opportunity to obtain judicial redress. Such being the case, plaintiff must proceed with the administrative proceedings. See *Salk v. Department of Registration & Education* (1970), 123 Ill. App. 2d 320, 260 N.E.2d 123.

■■ Plaintiff also attacks Rule 9.19, promulgated by the Director, which defines terms used in section 154.1. However, the proper course is to first present the matter to the administrative agency for its consideration. If the Rule is improper, the agency will be able to make corrections. If it fails to do so, judicial review would then be proper. *W. F. Hall Printing Co. v. Environmental Protection Agency* (1973), 16 Ill. App. 3d 864, 306 N.E.2d 595.

■■ Plaintiff further contends that the Director lacked jurisdiction to proceed since plaintiff was denied procedural due process in that it did not receive notice prior to the examination that punitive actions might be taken pursuant to section 154.1.[2] Plaintiff cites *Department of Revenue v.*

---

[2] Plaintiff also argues that it did not receive actual notice of its right to demand a hearing to contest the contents of the examiner's report based upon the examination pursuant to section

*Jamb Discount* (1973), 13 Ill. App. 3d 430, 301 N.E.2d 23. In *Jamb*, the Department of Revenue notified defendants that pursuant to statute, a hearing would be held to determine whether tax stamps had been properly affixed to cigarette packages. The notice stated that defendants' failure to appear could result in a forfeiture of the cigarettes. Defendants did not appear or otherwise contest the Department's forfeiture of the packages. The Department of Revenue subsequently brought suit to enforce the penalty provisions of the statute contained in a separate section. Defendants had not been apprised in the notice of hearing of the possibility that the Department might bring such a suit. The appellate court affirmed the trial court's order striking portions of the complaint, stating that "[t]he right to a hearing includes not only the right to present evidence but also a reasonable opportunity to know what claims must be defended against and what consequences are proposed." (13 Ill. App. 3d 430, 435, 301 N.E.2d 23, 27.) The court held that the notice given defendants not only omitted mention of a possible imposition of penalties, but also by its definite references to what consequences might occur as a result of the hearing could mislead the reader into reasonably believing no other consequences would accrue by defaulting.

The instant case is clearly distinguishable from the facts of *Jamb*. The notice of hearing sent to plaintiff explicitly provided that the hearing was being held to determine whether there had been violations of section 154.1 and 154.3 and Rule 9.19. There is no possibility that plaintiff could have been misled as to the consequences of an adverse finding. Secondly, the hearing in the present case has not yet occurred. Plaintiff, by bringing this suit, has evidenced complete knowledge of the terms of section 154.1, and will have ample opportunity to present evidence in defense of the charges. Lastly, we note that the error complained of is best remedied in the first instance by presenting the alleged procedural defect to the Director for his consideration. In such manner, the alleged error may be rectified without resort to judicial process. *W. F. Hall Printing Co. v. Environmental Protection Agency* (1973), 16 Ill. App. 3d 864, 306 N.E.2d 599.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.

132. The cover letter which was enclosed with the report of the performance re-examination sent to plaintiff explicitly referred to section 132(4) (Ill. Rev. Stat. 1973, ch. 73, par. 744(4)). This subsection provides insurance companies with the right to request a hearing. No further notice of a right to hearing need be given. The fact that the re-examination produced evidence upon which other actions may be taken is of no consequence to the instant appeal.

It is also significant that plaintiff does not now contend that it was unaware of the provisions of 132(4), but rather chose not to request a hearing because it wished "to cooperate with the administrative agency that controls its right to do business." However, plaintiff cannot forego complying with prescribed administrative proceedings and seek judicial redress when its choice of conduct proves to be disadvantageous.