### HEGG et v SIGLE

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 7, 1933

Fred Heim, Youngstown, Osborne & Phillips, Youngstown, J. F. Williams, Youngstown and D. B. Cooper, Youngstown, for plaintiffs in error.

Fillius & Fillius, Warren, for defendant in error.

FARR, J.

Upon trial to jury a verdict was rendered for $3424.00, and some five months later judgment was entered in the sum of $3506.75, so that it becomes readily apparent that upon the first trial in the court below the question of cancellation, rescission and forfeiture was determined, and from which neither appeal or error was prosecuted, but which if now before this court it is believed that these issues were properly determined. There is some discussion in briefs of both parties as to immaterial facts concerning which discussion would seem unnecessary at this time, and leaving the issue now to be determined as to whether or not the trial of the cause upon the law question of the right of the plaintiff below to damages has been properly determined in the court below, and this issue rests practically upon the question of waiver upon the part of the defendants below. However, some discussion is indulged in as to time not being the essence of the contract, but which does not become important in view of the conclusion reached, and, as before stated, it becomes a question as to whether or not there was a waiver upon the part of the defendants below to exact strict conformity to the provisions of the original contract.

The record discloses that for some considerable time the payments of $10.00 per month were made regularly and then after a short time the payments became irregular and indefinite in amounts. It does not appear that any complaint was made by defendants in this behalf, and also the payments were not made in accordance with the terms of the contract. There was no notice given to the plaintiff below that it was the intention of the defendants to claim a forfeiture. There were probably four different remedies open to defendants, had they seen fit to invoke them: First, to exercise the right under the special provision of the contract upon the first default to exercise their election to forfeit the same and retain the payments made up to that time as liquidated damages; Second, upon a substantial default rescind the contract upon an offer to restore the consideration already received; Third, to have declared the balance of the contract price due and payable and obtained a personal judgment therefor; Fourth, they might have foreclosed their contract upon obtaining a personal judgment.

Had any of these remedies been invoked it would have afforded the plaintiff below an opportunity to protect her rights in the premises. Coming to the question of forfeiture, it is declared in 27 R.C.L., 453:

"Where the purchase money is payable by installments, the acceptance of the payment of a single installment after the time fixed will not preclude the purchaser from declaring a forfeiture for default in the payment of a future installment, yet it is generally held that if the vendor acquiesces in the payment of any of the earlier installments after the time fixed and thus lulls the purchaser into the belief that prompt payment will not be insisted upon, he should, if he desires to insist upon a strict performance by the purchaser as to future installments, give him notice to that effect. It has also been held that an unreasonable delay in declaring a forfeiture of the purchaser's right may constitute a waiver of the default."

The foregoing text is sustained by the citation of numerous cases, but time will not now be taken to discuss the same.

It is asserted by the plaintiff in error that the issues of rescission and forfeiture are **res adjudicata** and should not have been submitted to the jury. However, that question is not now important in view of the fact that the conclusion is reached that these issues were properly determined by the court below.

It will be remembered that the forfeiture provision in the contract is not absolute but is at the vendor's option; therefore, it would be necessary for some declaration upon the part of the vendor and in the way of notice to the vendee of their intention so to do. That notice is essential is held in **Insurance Company v Smith, 44 Oh St, 156-171; Curtis v Factory Site Co., 12 Oh Ap, 148-158.**

It is not necessary nor would it be profitable to follow out in detail the discussion of counsel on both sides with reference to the question of waiver. The conclusion is reached that this question was fairly submitted to the jury under proper instructions, and it evidently found that there was a waiver upon the part of the defendants, because it found for the plaintiff below, and with this conclusion of the jury no fault is now found, for the reason that for a number of years extending far beyond the original period provided in the contract payments were permitted to be made and were received in varying amounts from those provided in the contract. In the interim the vendee had taken charge of the property, erected a residence upon it, undoubtedly with the knowledge of the vendors, and without any objection on their part or any suggestion that a forfeiture might or would be claimed, and no notice to that effect was ever served upon this vendee, and it is now too late to claim a forfeiture, and especially for the reason that there was no waiver upon the part of the vendors.

Something is said with reference to building restrictions carried by the contract. It should be observed that these restrictions are not in the form of a negative or restrictive covenant but a positive requirement to build after a certain fashion, and there is no time stated for the construction of a dwelling such as required by the contract. However, it is sufficient to say that this is not a controlling condition of the transaction.

Lately, it is insisted that the trial court erred in instructions to the jury by its refusal to submit defendants' instructions 4A and 4B. There was no reversible error in this behalf, for the reason that the same are covered by No. 4, which was gvien. Nor is there any reversible error in the general charge. It was fully as much as the defendants had a right to claim, and in view of the conclusion reached there was no reversible error in that behalf.

A case of interest in this connection is that of **Woloveck et v Schueler, 19 Oh Ap 210-211.** The syllabus reads as follows:

"Where the owner of realty enters into a contract for the sale thereof, and by the terms of the contract of sale the vendor is to convey a title free and clear of all incumbrances, excepting a certain mortgage named in the contract, and in case of default in payment of the installments or interest, the vendor may elect to treat the contract as void, in which event the payments that shall have been made may be retained by the party of the first part as liquidated damages for the nonperformance of its contract, a court of equity will refuse to decree a forfeiture, and will construe the stipulation for liquidated damages as a penalty, where the vendee has paid a substantial sum on the purchase price, after which a third party, by decree of court, has been granted a dower interest in the property, thus establishing the fact that the vendor did not have a marketable title, the purchaser not being in default in payments of installments or interest at the time of the suit in which the third party was decreed a dower interest in the property and

the default for which forfeiture is asked occurring subsequent to such decree."

In view of all the foregoing, it follows that the judgment should be affirmed, and it is so ordered.

Judgment affirmed.

POLLOCK and ROBERTS, JJ, concur in the judgment.