## MOTTINGER v CHARLES H ADAMS CO

Ohio Appeals, 9th Dist, Summit Co

No 2610. Decided Feb 20, 1936

Ferbstein & Sicherman, Akron, for plaintiff in error.

Taylor & Taylor, Akron, for defendant in error.

### OPINION

By STEVENS, J.

This error case involves solely the construction to be placed upon the following provision of a written contract, which provision is claimed to be ambiguous:

"Note—It is hereby agreed and understood to that this contract is subject to cancellation on the part of the Chas. H. Adams Co., six (6) months from date of completion of painted copy, by giving 30 days notice."

The question is whether the above provision shall be construed to mean that the contract may be terminated at or after six months from the date of completion of the painted copy on the sign in question by the giving of 30 days notice, or whether the contract means that notice of termination must be given 30 days before the expiration of said six-months period, or the contract be considered as being in force for an additional period of six months from the expiration of the first six months thereof.

This contract was prepared by plaintiff's assignor, and plaintiff's rights thereunder rise no higher than those of his assignor.

The rule of construction to be applied is as follows:

"In the interpretation of a contract the document is construed strictly against the person who prepared it, and favorably to the person who had no voice in the selection of the language. It is presumed that one using words, uses those most favorable to his interest and therefore all doubtful terms or ambiguous words are to be construed against him. He who speaks should speak plainly or the other party may explain to his own advantage."

9 O. Jur., "Contracts," §202, pp. 429-430. See also, **Olmsted & Co. v Metropolitan Life Ins. Co., 118 Oh St 421.**

Applying the above rule to the provision of the contract which is under consideration, we are compelled to conclude that said provision must be construed to give to defendant the right to terminate the contract at any time after said contract had been in force for six months, by giving the 30-days notice specified in the contract.

That conclusion requires payment of rental by defendant until May 19, 1932, that being the final day of the 30-day-notice period, and being subsequent to the expiration of the six-months period. Rent was paid by defendant to May 9, 1932, so defendant is accordingly indebted to plaintiff in the sum of $30.

The judgment of the Court of Common Pleas is reversed, and this court, now entering the judgment which the undisputed facts require, orders that plaintiff recover a judgment from defendant for $30, and for his costs.

FUNK, PJ, and WASHBURN, J, concur in judgment.