**BESSER v BUCKEYE PIPE LINE CO**

Ohio Appeals, 5th Dist, Muskingum Co

Decided March 30, 1937

William Froelich, Zanesville, for appellant.

Wheeler, Bentley, Neville & Cory, Lima, and Pugh & Vandervoort, Zanesville, for appellee.

**OPINION**

By SHERICK, J.

The defendant, The Buckeye Pipe Line Company, manifests a difficulty in determining whether the action of plaintiff, R. C. Besser, sounds in tort or contract. A reading of the amended petition and the defendant's answer thereto, however, quickly dispels any doubt from the minds of this court. The action is one for damages for personal injury sustained by the plaintiff while cultivating his lands. It is predicated upon the failure of the company in constructing its pipe line thereon, which it

did by virtue of a right of way easement, to do so in a proper manner and in accordance with its agreement.

The pleaded facts, and the proof made and offered to be made, are that the plaintiff granted a perpetual pipe line easement to the defendant company over his tillable farm lands for a consideration of $33.50. It was therein covenanted that the company was granted and leased "a right of way over and through our lands." The instrument further stipulated that "the grantors herein reserve the right to fully use and enjoy said premises except for the purposes hereinbefore granted." As indicated, a pipe line was laid in the ground but at such depth that the plaintiff in plowing his land across this line struck the same with his plow, was thrown therefrom and severely injured.

At the conclusion of the plaintiff's evidence, the defendant moved for a directed verdict. The motion was sustained and a verdict returned upon which judgment was entered and from which the plaintiff appeals. The errors complained of are two in number; first, that the court erred in directing a verdict; second, the exclusion of evidence offered upon the matter of the depth of the line in the ground. We are of unanimous conclusion that the plaintiff is correct in both claims.

The appellee boldly asserts that because of the descriptive words "over and through" appearing in the easement, it had acquired a right to lay its pipes on the surface of the plaintiff's tillable lands if it chose to do so, or it might bury them just beneath the surface if it so elected and that it was not encumbent upon it to place its pipes below plow depth. It is our judgment that this position is not sustainable. The phrase "over and through" tillable lands as employed in pipe line easements in this part of the country are not conclusively descriptive of the manner of their crossing, construction or maintenance, but are rather creative of the right of entry and use of that portion of the sub-surface lands necessary for construction and maintenance of the pipe line. This was what the appellee secured by the grant and no more. The other quoted provision plainly indicates that the grantors, the plaintiff and his wife, reserved "the right to fully use and enjoy said premises except for the purposes hereinbefore granted." The right to construct and maintain the pipes in the ground was the only easement conveyed. It did not include a perpetual occupancy of the surface. If the owner did not reserve the right to cultivate the ground above the line then the reservation is without meaning. If plaintiff reserved that right, then he might cultivate the ground above the line in any manner conforming to good husbandry, and for this to be accomplished it was required that the pipe line be located beneath plow depth.

To hold otherwise would work a manifest injustice. It would be to hold contrary to the rule that contracts are to be more liberally construed in favor of him who is not the author of the agreement and with strictness against him who drew it. It is rather shocking to the members of this court that for a mere pittance the parties intended to convey and acquire a perpetual leasehold easement to the surface of valuable agricultural lands. We have positive views to the contrary, fortified in part by the generally accepted practice in this state, that when the parties contracted it was covenanted by implication, if not by express provision, that the grantors reserved this strip of land for farming purposes. In fact he never parted with his right to so enjoy his property. It is our judgment that the trial court was led into error and a wrong theory of this case by reason of a pleaded subsequent oral agreement. Such a verbal agreement could not of course modify the terms of the written agreement. But a prior or contemporaneous oral understanding may always be shown when such pertain to matters that induced its making or will disclose the understanding of the contracting parties of its terms at the time of its execution. Such proffered testimony, the matter of the line's depth, demand upon the company's agent that the line be lowered, which would establish knowledge thereof in the defendant, was competent and should not have been excluded. The receipt offered in evidence is but evidence of a settlement of crop damage in the line's construction. It is clearly not such a settlement of future claims for damage to crops or personal injury resulting from improper construction.

The judgment is reversed and the cause remanded for a new trial in accordance herewith.

Judgment reversed and cause remanded.

MONTGOMERY, PJ, and LEMERT, J, concur.