**CLELAND et, Plaintiffs, v. CLELAND et, Defendants.**

Common Pleas Court, Meigs County.

No. 12436.   Decided September 18, 1958.

## OPINION

By BACON, J.

Action commenced in June 1956 to cancel land contract and for possession of real estate. April 27, 1955, plaintiffs, Thomas A. Cleland and Mabel C. Cleland, entered into a land contract with their son, Dallas Cleland, and his wife, Geraldine Cleland, as vendors and purchasers respectively of a house and lot in Sutton Township. Described in the contract was a portion of a 2.20 acre parcel; it provided that a survey would be made and used in the deed upon defendants fulfilling their contract; it stated a purchase price of $2,500 plus interest at 5% payable in monthly installments of $25. each commencing May 1, 1955; interest was to be computed and paid monthly and it was stipulated that if any installment or interest or any part thereof was not paid when due then the entire principal sum could be declared due and payable if the vendors so elected without demand or notice. Purchasers were to pay taxes beginning with the second half of 1954 and also insurance premiums on the policies carried by the vendors on the dwelling on the premises; they were to make all necessary repairs and keep the property in good condition and not permit waste. There were other provisions not pertinent to this suit, and finally it was provided that if the purchasers failed to pay the purchase price as therein provided or if they failed to keep, perform and comply with all the covenants and agreements on their part to be performed then the contract was void and vendors could reenter as though it was never made and all payments together with all work and repairs made by the purchasers on the premises were to be considered rental for the period of the occupancy by the purchasers. The contract failed to make time of the essence being silent thereon.

Plaintiffs' petition averred the contract, its terms in general, and that defendants were in default in their payments. Defendants filed a motion to make the petition definite and certain which was not pressed for rule until March 1958, when it was overruled. Defendants answered, not greatly controverting the averments of the petition save as to the matter of payments, claiming additional payments not averred in the petition, alleging the contract did not make time of the essence, that there was $2,412.09 due under the contract and tendered said sum by depositing it with the clerk of courts. Defendants prayed that the petition be dismissed and that the court order the survey provided for in the contract and that plaintiffs execute a deed for the premises.

The evidence discloses both plaintiffs and defendants were so utterly careless in receipting for payments made and crediting to principal, interest, taxes and insurance that the true situation is difficult to determine.

Further complicating matters, plaintiffs claim that $200 of a $300 sum it was agreed defendants should pay before the contract was

executed and delivered, was not to apply upon the purchase price but was to apply upon back rental it was claimed defendants owed plaintiffs for occupancy of the premises over a period of years prior to the contract. Plaintiffs' Exhibit 2 purports to show a book account of this rental, that there was due and owing by defendants in April 1955 the sum of $250.00. The entries, however, obviously were not made in the regular course of business but all at one time, apparently in April 1955, and the exhibit has no evidential value.

Defendants dispute any agreement to so apply $200 of the $300 sum mentioned, and produced defendants' Exhibit 1, a receipt as follows:

April 14, 1955

Received from Dallas and Geraldine Cleland the sum of $100.00 as Part Payment on House and Part of a 2.20 A Lot. Land and contract to be delivered by May 1st upon Payment of a Bal of $200.

Thomas A. Cleland
Mabel V. Cleland

Defendants' Exhibit 1 is in the handwriting of one of the plaintiffs, Thomas A. Cleland, and is signed by both of the plaintiffs.

Thus it is seen plaintiffs and defendants entered into a preliminary agreement or contract concerning the payment of $300 before the land contract was to be entered into and delivered. What was this contract? One of the plaintiffs, Thomas A. Cleland, undertook to incorporate it as a memorandum in the receipt for "the Sum of $100.00 as Part Payment on House and Part of a 2.20 A Lot." If the language he employed had been ambiguous this court would have had to construe it against him. **Hinman v. Barnes,** 146 Oh St 497, 32 O. O. 564, 66 N. E. 2d 911; **Bellish v. C. I. T. Corp.,** 142 Oh St 36, 26 O. O. 234, 50 N. E. 2nd 147; **Besser v. Buckeye Pipe Line Co.,** 57 Oh Ap 341, 10 O. O. 546, 26 Abs 159, 13 N. E. 2d 927. It is presumed that one using words uses those most favorable to his interest. **Mottinger v. Charles H. Adams Co.,** 21 Abs 417. But Thomas A. Cleland's memorandum is not ambiguous. Obviously, "Bal of $200." is used only in one sense, that of "remainder" or the "rest." Since there is no sum stated of which the balance of $200 could be a part or the "rest," we must find elsewhere in the memorandum, if possible, what exactly the sum of $200 represents a balance. Clearly, we are relegated to the words "as Part Payment on House and Part of a 2.20 A. Lot."

Plaintiffs may not have intended the entire sum of $300 apply upon the purchase price, but the words are theirs and they are precluded by the parol evidence rule to vary them. Though a mere receipt may be varied or contradicted by parol, an instrument importing a contract, though in the form of a receipt, cannot be so varied or contradicted. **Stone v. Vance,** 6 Ohio 246; **Baker v. All States Life Ins. Co.,** 58 Abs 366, 46 O. O. 308, 96 N. E. 2d 787. A writing that is both a receipt and a memorandum of agreement is conclusive as to the agreement. **Dale v. Evans,** 14 Ind. 288. Under the "parol evidence rule" where an agreement has been reduced to writing which is complete and not uncertain or ambiguous, the writing will be presumed to contain the entire agreement. **Ayres v. Cook,** 46 N. E. 2d 629, affirmed 140 Oh St 281, 23 O. O. 491,

37 Abs 224, 43 N. E. 2d 287. There is no question that the $300 was paid before the contract was delivered, in $100 payments, one made April 14, 1955, one April 25, 1955 and the last May 1, 1955. The defendant, Dallas Cleland, in testifying had the naive idea that having lost his receipt of April 25th he shouldn't claim that payment. However, Thomas A. Cleland testified that between April 14 and May 1st Dallas had paid $200, which plaintiff considered applied on back rent so that he only credited the May 1, 1955 payment of $100 to the contract.

Under the evidence the court is compelled to find that as of May 1, 1955, the sum of $2,200.00 was due from defendants to plaintiffs under the contract, plus tax and insurance agreement. The court further finds from the evidence that defendants made the following payments in cash, all credited in the handwriting of Thomas A. Cleland save the last.

| | |
|---|---|
| June 28, 1955 | $60.00 |
| Aug. 3, 1955 | 30.00 |
| Dec. 10, 1955 | 50.00 |
| Apr. 30, 1956 | 50.00 |
| May 11, 1956 | 50.00 |
| June 10, 1956 | 25.00 |

Defendants were in default under the contract. Shall the court grant the forfeiture plaintiffs pray for, declaring forfeit the cash paid by defendants totalling $565? Defendants made the payments in about a 13 months' period; the rental basis for the property being $130 at the same rental defendants were paying or obligated to pay plaintiffs immediately prior to the contract. Defendants also claimed to have painted and made minor repairs with a reasonable value in the neighborhood of $300.

Time is not of the essence in the sale of realty unless made so by contract of the parties. **O'Brien v. Bradulov, 51 Abs 343, 80 N. E. 2d 685.** And where the vendor acquiesces in payment of installments under the contract after the time fixed, and thus lulls purchaser into belief that contract for payment will not be insisted upon, vendor should, if he desires to insist upon strict performance as to future installments give purchaser notice to that effect. **Hegg v. Sigle, 14 Abs 456.** Plaintiffs herein accepted late payments on the contract, the last within a few days of filing this action. Plaintiffs set a pattern of indulgence towards their son, Dallas, allowing him according to their testimony to become 25 months in arrears in rental of the property at $10 per month prior to entering into the land contract. The evidence indicates plaintiffs could have obtained a better price from a stranger, yet contracted to sell to their son for $2,500. Under the facts and circumstances of this case a forfeiture is not in order.

Based upon the defendants' payments as hereinbefore set forth the court arrived at a sum a few dollars less than that of the defendants, after proper crediting to principal and interest at 5 per cent. However, defendants cannot complain if the court accepts the figure of $2,246.49 as due in March, 1958. To said sum must be added taxes defendants agreed to assume and pay in the total sum of $24.54 and insurance in

the sum of $60.00, making a total due from defendants to plaintiffs of $2,331.03.

It will be decreed that plaintiffs execute as grantors to defendants as grantees a warranty deed according to the description in Joint Exhibit B, with such additions as make a legal description in conformity to the contract and Ohio real property law, and deliver same together with tax receipts showing taxes paid up to and including the year 1957, and together with insurance policy or policies for coverage in sum of at least $2,500, to the Clerk of this Court. Upon receipt of which the Clerk shall disburse to plaintiffs the sum of $2,331.03, less ½ of the costs herein. The balance of defendants' tender the Clerk shall disburse to defendants, less ½ of the costs herein.

The carelessness of the parties on both sides in contracting for down payment, receipting and crediting, obtaining receipts for payments made, having resulted in this controversy costs of these proceedings should be borne equally. An entry may be prepared.