THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Petitioner-Appellee, *v.* THE CITY OF DES PLAINES, Defendant-Appellant.

First District (5th Division) No. 62830

Opinion filed February 27, 1976.

Charles R. Hug, of Des Plaines, for appellant.

Allen S. Lavin, General Attorney, and Robert E. Wiss, Special Attorney, of Metropolitan Sanitary District of Greater Chicago, of Chicago (Douglas S. Moore, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This appeal arises from a judgment adverse to defendant in an eminent domain proceeding, wherein plaintiff was granted authority to condemn easements for sewers beneath certain of defendant's streets. The sole issue presented on appeal concerns whether section 17 of "An Act to create sanitary districts * * *" (hereinafter Act) (Ill. Rev. Stat. 1973, ch. 42, par. 337) authorizes plaintiff to acquire such easements.

Plaintiff initially sought four sub-surface easements under roadways of defendant, pursuant to a sewage treatment plan. One of the projects involved the relocation of Higgins Creek to a depth of approximately six feet beneath Wille Road. Two projects were intended to place water mains six feet beneath Oakton Street in order to connect them with defendant's water system. The other easement was for the construction of an underground deep tunnel system which would pass approximately 150 to 200 feet beneath Elmhurst Road. When defendant refused to grant these easements, plaintiff filed a petition to condemn followed by a motion for immediate vesting of title to the eastments. Defendant filed a motion to dismiss, contending that defendant lacked authority to acquire sewer easements under public property. This motion was denied, and an order was entered authorizing acquisition of the easements upon payment of a stated amount determined by the court to be just compensation for the taking of the property.

OPINION

Defendant concedes plaintiff has eminent domain authority with respect to public property generally pursuant to section 17 of the Act, which provides in pertinent part as follows:

> "When it shall be necessary in making any improvements which any district is authorized by this Act to make, to enter upon any public property or property held for public use, such district shall have the power so to do and may acquire the necessary right of way over public property or such property held for public use in the same manner as is above provided for acquiring private property, and may enter upon, use, widen, deepen and improve any

navigable or other waters, waterways, canal or lake; and the channel or bed of any river, water course or stream used by such district as an outlet for drainage, may be changed in order to straighten the same, if the capacity of the channel is maintained unimpaired: Provided, the public use thereof shall not be unnecessarily interrupted or interfered with."

It is the position of defendant that the power to "acquire the necessary right of way over public property" provided for in section 17, authorizes only the acquisition of easements *above* and not beneath public property. It argues that the authority to condemn land already devoted to a public use must be narrowly construed, and it contends that if the legislature had intended plaintiff to acquire easements beneath public property, this power would have been specifically granted just as it was in section 16 of the Act (Ill. Rev. Stat. 1973, ch. 42, par. 336), in which plaintiff was permitted to do so "over, under or upon" private property. In short, it urges that the word "over," as used in section 17 means "above" and not "under." Plaintiff, on the other hand, maintains that the word is not so circumscribed, and that it must be read to include the power to acquire easements beneath public property.

■■ As defendant notes, the authority to condemn property already devoted to a public use must be explicitly granted and will not be construed from a general power of eminent domain. (*Department of Public Works and Buildings v. Ells*, 23 Ill. 2d 619, 179 N.E.2d 679; *City of Moline v. Greene*, 252 Ill. 475, 96 N.E. 911.) Thus, the issue presented here is whether the power to acquire the instant easements is granted by the statutory language in section 17 of the Act, empowering plaintiff to acquire rights of way "over" public property.

■■ Several rules of statutory interpretation are applicable to the resolution of this issue. The preeminent rule is that a statute must be construed as a whole (*S. Bloom, Inc. v. Korshak*, 52 Ill. 2d 56, 284 N.E.2d 257), so as to give effect to the intention of the legislature (*People ex rel. Kucharski v. Adams*, 48 Ill.2d 540, 273 N.E.2d 7). Where more than one construction of statutory language is possible, the court will avoid an interpretation that will lead to an absurd result. (*Illinois National Bank v. Chegin*, 35 Ill. 2d 375, 220 N.E.2d 226; *Herrington v. County of Peoria*, 11 Ill. App. 3d 7, 295 N.E.2d 729.) In ascertaining the meaning of words used in a statute, the words should be given the meaning intended by the legislature (*People ex rel. Anastasia v. Civil Service Commission*, 10 Ill. App. 3d 583, 295 N.E.2d 127), which is generally their commonly accepted meaning (*Kaufman v. Hicks*, 17 Ill. App. 3d 274, 307 N.E.2d 615).

In searching out the intent of the legislature in section 17, we note

that the subject matter of the statute is essentially concerned with water channels of various types. Were we to accept the definition of the term "over" urged by defendant, plaintiff would be required to place all waterways, sewers and water pipes on or above the surface of public property. As a result, in constructing the deep tunnel involved in the instant case across Elmhurst Road, it would be required to rechannel this tunnel from its normal 200-foot depth, above the surface and across Elmhurst Road at a sufficient height so as to not interfere with the use of the road. Similarly, it would be necessary to rechannel Higgins Creek above Wille Road, rather than underneath it. We believe that such a strained interpretation of the statutory language involved would not only lead to an absurd result which of course should be avoided (see *Chegin* and *Herrington*), but would also serve to defeat the legislative intent of enabling plaintiff to make the improvements authorized by the Act.

A fundamental function of plaintiff is to provide for sewage collection and treatment (Ill. Rev. Stat. 1973, ch. 42, par. 320 *et seq.*), and there appears no question that plaintiff implements this duty through a system of sewers which are generally located beneath the surface of the land. There is no doubt that the legislature in the enactment of the statute in question was well aware of this function of plaintiff and its implementation, and thus we believe that it could not have intended—as defendant suggests—that easements could be acquired only for sewers above public property. Rather, it is our belief that the word "over," as used in section 17, was intended to be read in conjunction with the immediately preceding phrase "right of way," to indicate the power of plaintiff to obtain the reasonable use of public property in carrying out its projects, and that this necessarily included the sub-surface projects involved in the instant case.

Our view in this regard is in harmony with the decisions reached in other jurisdictions.

In *Garza v. Grayson* (1970), 255 Or. 413, 418, 467 P.2d 960, 962, it was held that the authority to construct sewer lines "over and across" servient land included the power to place them below the surface, the court stating:

> "We do not accept defendant's narrow construction of the terms * * * 'over and across' * * *. Although a sewer line is below the surface, it still may be described as running 'over and across' the servient land. *The term 'over' does not necessarily mean 'above'.*" (Emphasis added.)

"Over" was even held to mean exclusively "under" and not "above" or "on the surface" in *Besser v. Buckeye Pipe Line Co.* (1937), 57 Ohio App. 341-42, 13 N.E.2d 927-28. There, the pipe line company was granted a

pipe line easement by a farmer to lay pipe "over and through" his property, permitting them, the company contended, to "lay its pipes on the surface of the plaintiff's tillable lands if it chose to do so, or it might bury them just beneath the surface if it so elected * * *." The court held, however, that the pipes must be placed below plow depth.

■■ For the reasons stated, we affirm the order of the circuit court, holding that the Metropolitan Sanitary District possess the lawful authority to condemn the easements in question.

Affirmed.·

LORENZ, P. J., and BARRETT, J., concur.