BERNARD JACKSON, Plaintiff-Appellee, *v.* THE CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellants.

First District (4th Division)    No. 61849

Opinion filed July 28, 1976.

88

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel and Stephen R. Swofford, Assistant Attorneys General, of counsel), for appellants.

Richard F. McPartlin, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The instant appeal stems from the suspension and subsequent discharge of the plaintiff, Bernard Jackson, by the defendant, the Civil Service Commission of Illinois, from his position as a resident counselor with the Illinois Department of Corrections. Pursuant to the provisions of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 127, par. 63b111a), the plaintiff sought judicial review of the defendant's determination. An order was thereafter entered by the circuit court of Cook County reversing and setting aside the findings and decision of the defendant on the basis that the plaintiff was not granted a hearing before the defendant within 30 days from the filing of his written request in accordance with section 11 of the Personnel Code (Ill. Rev. Stat. 1973, ch. 127, par. 63b111). The defendant then submitted a motion to reconsider and vacate the above order, and the motion was denied.

In seeking a reversal of the order denying the motion to vacate the circuit court's judgment order as well as a remand of the case for a hearing on the merits to ascertain whether the plaintiff's dismissal for cause was against the manifest weight of the evidence, the defendant contends on review that (1) the trial court's reliance on the decision in *McReynolds v. Civil Service Com.*, 18 Ill. App. 3d 1063, 1067, 311 N.E.2d 308, 311-12, which construed the 30-day period prescribed in section 11 of the Personnel Code (Ill. Rev. Stat. 1973, ch. 127, par. 63b111) for conducting a disciplinary hearing as being mandatory, is misplaced, since such decision is incorrect and the factual situation in that opinion is inapposite to the one at bar; (2) the plaintiff is estopped from asserting that the defendant lost jurisdiction over him; and (3) assuming the validity of the holding in *McReynolds*, such decision should not be given retroactive effect.

A review of the record reveals that on October 23, 1973, the plaintiff was suspended, pending discharge, from his position as a resident counselor with the Illinois Department of Corrections. Subsequent to being served by registered mail with a notice of discharge on November 15, 1973, the plaintiff submitted a written request for a hearing on said charges. The defendant received such request on November 28, 1973, and notified the plaintiff that a hearing was scheduled for December 24, 1973.

However, as a result of the Governor declaring such date a State holiday, a request to reschedule the hearing was sent to the defendant and to the plaintiff. On December 18, 1973, the defendant mailed a notice to the plaintiff informing him that the hearing was continued to January 2, 1974. The defendant sent another notice to the plaintiff on December 27, 1973, indicating that due to a lengthy public hearing scheduled for the first week in January, the hearing would be held on January 31, 1974. The plaintiff responded to such rescheduling by sending the defendant on December 28, 1973, a notice and a motion to dismiss the charges against him on the ground that the hearing would not be held within 30 days from the time (November 28, 1973) he requested the proceeding. Such motion was denied by the hearing officer when the hearing convened on January 31, 1974. After hearing the evidence proffered by both sides, the hearing officer found that the plaintiff had violated his supervisory responsibilities and concluded that cause for discharge had been proved. These findings and rulings were adopted by the defendant on April 25, 1974, and a copy of the decision to discharge the plaintiff was mailed to his attorney on April 29, 1974.

In seeking recourse from the defendant's decision to discharge him, the plaintiff filed a complaint for administrative review on June 3, 1974. Subsequent to the defendant's answer on July 8, 1974, the plaintiff moved for a judgment on the pleadings for the reason that he was not granted a hearing before the defendant within 30 days from the filing of his written request. (Ill. Rev. Stat. 1973, ch. 127, par. 63b111.) After both sides respectively tendered memoranda concerning whether this statutory time period had been met, an order was entered on November 21, 1974, sustaining the plaintiff's motion and reversing and setting aside the findings of the defendant on the basis that the disciplinary hearing was not brought within 30 days from the plaintiff's written request. On January 31, 1975, the circuit court entered another order denying the defendant's motion to reconsider and vacate its prior order of November 21, 1974. Thereafter, the defendant filed a notice of appeal in which it sought (1) the reversal of the January 31, 1975, order denying its motion to vacate and (2) a remand of the case for a hearing on the merits to ascertain whether the plaintiff's dismissal for cause was against the manifest weight of the evidence.

■■ We first consider the defendant's assertion that the reviewing court in *McReynolds v. Civil Service Com.*, 18 Ill. App. 3d 1063, 311 N.E.2d 308, incorrectly construed section 11 of the Personnel Code (Ill. Rev. Stat. 1973, ch. 127, par. 63b111). In support of its position that the language of this legislative enactment requires a directory construction be given to the 30-day period prescribed therein, reliance is placed on the similarities in terms of the purpose, legislative intent, and language between the instant statute and the one in the decision of *In re*

*Armour*, 59 Ill. 2d 102, 319 N.E.2d 496, wherein the Supreme Court of Illinois held that the use of the word "shall" in a statute does not unequivocally require an interpretation that said statute is mandatory. (59 Ill. 2d at 104, 319 N.E.2d at 498.) While we do not controvert this legal precept emanating from the *Armour* decision, we do not believe that such opinion abrogates the tenet enunciated in *McReynolds*.

It is well settled in Illinois that the cardinal rule of statutory construction, to which all other rules are subordinate, is that the true intent and meaning of the legislature must be ascertained and given effect. (*E.g., People ex rel. Carey v. Power*, 59 Ill. 2d 569, 571, 322 N.E.2d 476, 478; *O'Leary v. Allphin*, 35 Ill. App. 3d 223, 229, 341 N.E.2d 143, 148.) In determining such legislative intent, reviewing courts not only consider the language used in the statute, but also the reasons for its enactment and the purposes sought to be attained. *E.g., People ex rel. Cason v. Ring*, 41 Ill. 2d 305, 310, 242 N.E.2d 268, 270; *Illinois National Bank v. Chegin*, 35 Ill. 2d 375, 378, 220 N.E.2d 226, 228.

Considering these edicts in the context of the defendant's contention, it is apparent that the decision in *Armour* does not evince that *McReynolds* was resolved incorrectly. Although the respective legislative enactments both used the word "shall" in requiring a hearing within 30 days from the time a written request was filed,[1] it must be remembered that whether the word "shall" is construed to be mandatory or directory depends on the intent of the legislature with respect to the provision in question. (*Schmidt v. Powell*, 4 Ill. App. 3d 34, 36, 280 N.E.2d 236, 237.) Applying such precept to the controverted statutes in the *Armour* and *McReynolds* decisions, the respective rationale behind each statute as well as the purpose sought to be attained are so divergent as to preclude a conclusion that the legislature intended that both enactments were directory. In *In re Armour*, the Supreme Court of Illinois was confronted with a juvenile delinquency hearing in which the minor was charged with attempted murder and robbery and the hearing was set two days after the 30-day period prescribed in section 4—2 of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 704—2). In rejecting the minor's contention on review that the failure to meet the exact provisions of the statute entitled him to be discharged, the court indicated that the purpose of the Juvenile Court Act was not to punish but to correct, protect, and rehabilitate youthful offenders. 59 Ill. 2d at 104-05, 319 N.E.2d at 498.

---

[1] The statute in controversy in *McReynolds* was section 11 of the Personnel Code, which provided in pertinent part:

"No officer or employee under jurisdiction B, relating to merit and fitness, who shall have been appointed under the rules and after examination, shall be removed or discharged, demoted, or suspended for a period of more than 30 days, except for cause, upon written

Contrary to the situation in *Armour*, the decision in *McReynolds* entailed the suspension of a State employee who was afforded a hearing 47 days after he requested it in violation of section 11 of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b111). In ascribing mandatory construction to the language contained in such enactment, the appellate court related that the "expressed purpose of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, pars. 63b101 *et seq.*) is to establish a system based on merit principles and scientific methods. [Citation.]" (18 Ill. App. 3d at 1065, 311 N.E.2d at 310.) In an attempt to effectuate such purposes, the court reasoned that the time limitation contained in section 11 was designed to not only insure fairness to the employee, but to prevent him from suffering monetary injury. 18 Ill. App. 3d at 1066, 311 N.E.2d at 310.

■■ Comparing the above reasoning of the respective courts in question, we believe that the mere fact that both statutes prescribed the same time period within which a hearing was to be scheduled or granted does not warrant a finding that the decision in *McReynolds* is incorrect. As our analysis of the two decisions indicates, the legislative intent as well as the objective of each statute were clearly different. Whereas the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 701—1 *et seq.*) was designed for the protection of youthful offenders and the public as well as the rehabilitation of the former, the purpose of section 11 of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b111) was to (1) afford State employees certain procedural protections when they were being considered for discharge, demotion, or suspension and (2) give them a timely hearing and a speedy adjudication. Besides each statute having different objectives, we believe that the legislative design pertaining to the protection and rehabilitation of juvenile delinquents encompasses different considerations than the one concerning the protection of the rights of civil service employees. We therefore conclude that the *Armour* decision does not require a reconsideration of the mandatory construction of section 11 of the Personnel Code rendered by the reviewing court in *McReynolds*.

We also do not subscribe to defendant's assertion that the instant case is factually divergent from *McReynolds* so as to warrant a contrary result.

---

charges approved by the Director of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission within fifteen days after the serving of the written charges upon him. *Upon the filing of such a request for a hearing, the Commission shall grant a hearing within thirty days.*" Ill. Rev. Stat. 1971, ch. 127, par. 63b111. (Emphasis added.)

In the *Armour* decision, the Supreme Court construed section 4—2 of the Juvenile Court Act which provided in relevant part:

"When a [delinquency] petition has been filed, it shall be set for an adjudicatory hearing within 30 days." Ill. Rev. Stat. 1971, ch. 37, par. 704—2.

While the defendant seeks to distinguish this case from *McReynolds*, and to equate it with *Horan v. Foley*, 39 Ill. App. 2d 458, 188 N.E.2d 877, on the basis that the initial hearing was scheduled within the 30-day period prescribed in section 11 of the Personnel Code (Ill. Rev. Stat. 1973, ch. 127, par. 63b111), it has uniformly been recognized in this State that, absent a statutory definition indicating a contrary legislative intent, words of a statute are presumed to have their ordinary and popularly understood meaning. (*E.g., People v. Dednam*, 55 Ill. 2d 565, 568, 304 N.E.2d 627, 629; *Metropolitan Sanitary District v. City of Des Plaines*, 36 Ill. App. 3d 726, 728, 344 N.E.2d 729, 731.) Although it is undisputed that the reviewing court in *McReynolds* confined itself solely to whether the word "shall" contained in section 11 of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b111) was mandatory or directory, we believe that the above tenet precludes the defendant's construction of such legislative enactment, which provides in relevant part that "[u]pon the filing of such a request for a hearing, the Commission *shall grant* a hearing within 30 days" (Emphasis added) (Ill. Rev. Stat. 1973, ch. 127, par. 63b111).

■■ Besides the above statute not specifying the word "schedule" within its pertinent provision, it is important to note that there is absence of judicial authority indicating that the legislature intended the phrase "shall grant a hearing" to mean "shall schedule a hearing." Moreover, the generally understood meaning of the word "grant" does not buttress the defendant's contention since such word has uniformly been defined to mean "to confer or bestow [or] to allow to have." (Funk and Wagnalls Standard Desk Dictionary 280 (1966).) Further, assuming the defendant's construction of this legislative enactment was adopted, it is entirely conceivable that such interpretation could circumvent one of the objectives of this statute which is to "provide a timely hearing and a speedy adjudication of disciplinary charges." (*McReynolds v. Civil Service Com.*, 18 Ill. App. 3d at 1065, 311 N.ge.2d at 310.) The defendant could defeat such objective by merely scheduling a hearing for a date within the 30-day period and then continue the matter indefinitely. Thus, in light of this potentially detrimental effect the defendant's interpretation could have on the legislative intent of such provision as well as the generally accepted meaning of the word "grant" we believe that the defendant's connotation of section 63b111 is implausible and untenable.

Consistent with the decision in *McReynolds*, the defendant's reliance on *Horan v. Foley*, 39 Ill. App. 2d 458, 188 N.E.2d 877, does not substantiate its premise that the case at bar is controlled by other Illinois precedent. While the hearing in *Horan* was initially scheduled one day beyond the 30-day period prescribed in the particular statute involved (Ill. Rev. Stat. 1959, ch. 42, par. 323.14), the Civil Service Board not only

rescheduled the hearing before the 30-day period had elapsed, but it also gave notice to the plaintiff-employee and convened the hearing within the same period of time.[2]

■■ Contrary to the circumstances in *Horan*, the instant case entailed a factual situation where the defendant initially scheduled the hearing within the 30-day period prescribed by section 11 of the Personnel Code, but it unilaterally rescheduled such proceeding with no prior notice to the plaintiff on two different occasions to dates beyond the 30-day period. Moreover, without any apparent reason, the hearing did not convene within the 30 days from the time the plaintiff filed his written request. Although we do not controvert the fact that December 24, 1973, was declared a State holiday, we are of the opinion that there was nothing to preclude the defendant from scheduling and granting a hearing before that date or between December 26, 1973, and December 28, 1973, when the 30-day period expired. As the record indicates, all of the witnesses were employees of the State and readily accessible to testify at the hearings. Also, the fact that the hearing only took one day adds credence to the position that the defendant did not have to wait until 64 days after the plaintiff filed his written request to convene the hearing. We therefore believe that the disparities between the instant case and the decision in *Horan* are so overwhelmingly apparent that it is infeasible for us to conclude that the latter opinion is dispositive of the case at bar.

We further reject the defendant's other two contentions that (1) the plaintiff was estopped from claiming that the defendant lost jurisdiction over him and (2) the decision in *McReynolds* should not be given retroactive effect. With regard to the former assertion, the defendant contends that at the time the first continuance was granted, it believed that the 30-day period was directory and the only way it could ascertain the plaintiff's real intention was by the latter raising a timely objection to such rescheduled date. Since the plaintiff failed to voice an objection to the new date, the defendant maintains that not only was it misled by such acquiescence, but the detriment to it would be obvious in that if this reviewing court sustains the trial court's decision that it lost its jurisdiction, the plaintiff will be reinstated. We disagree.

■■ It is well recognized in Illinois that whenever the principle of

---

[2] A perusal of the facts in *Horan* indicates that the plaintiff was absent from Chicago during the time the Civil Service Board rescheduled the hearing. When he returned home, he found two sealed envelopes containing notices that the hearing was reset within the time prescribed by statute. Although he did not appear on the day the hearing convened, which, parenthetically, was the 30th day from the date of the suspension, the Board rescheduled the hearing to the next day. On this latter day, the Board denied the plaintiff's motion to quash and dismiss the charges on the ground that the Board lacked jurisdiction. On appeal, the reviewing court (1) rejected the plaintiff's contention that the rescheduling notice he received on the thirtieth day was inadequate and (2) sustained the Board's jurisdiction to hear the cause which was brought within the 30-day period.

estoppel is sought to be applied against a public body or against a private individual, the one claiming the benefit of the principle must have relied on the actions or representations of the other and must not have known or have had any convenient means of knowing the true facts. (*E.g., Levin v. Civil Service Com.*, 52 Ill. 2d 516, 524, 288 N.E.2d 97, 101-02; *Island Terrace Apartments v. Keystone Service Co.*, 35 Ill. App. 3d 95, 100, 341 N.E.2d 41, 45.) Although the defendant acknowledges the validity of such precept in its brief, the reasoning it incorporates to evince that this bifurcated test has been met is wholly illusory. In the first place, the defendant's assumption that the 30-day period was directory totally ignores that the decision of the trial court in *McReynolds* was rendered prior to the time the hearing officer denied the plaintiff's motion to dismiss the charges and such decision was brought to the defendant's attention when the plaintiff filed his reply memorandum before the defendant concerning his motion to dismiss. Secondly, even though the defendant makes the bare allegation that it detrimentally relied on the plaintiff's acquiescence, the record is devoid of any evidence that it changed its position as a result of the action or inaction of the plaintiff or that it was not cognizant of the true facts. On the contrary, the provisions of the Personnel Code were readily accessible to the defendant and by analyzing the pertinent sections, it could easily discover the limitations on its jurisdiction. Thus, we believe that the defendant could not employ this equitable remedy in order to preclude the plaintiff from claiming that it lost its jurisdiction over him.

■■ The defendant's final contention that the decision in *McReynolds* should not be given retroactive effect is also without merit. While the defendant maintains that the instant case was convened and concluded prior to the effective date of the *McReynolds* decision, such entity overlooks what was previously mentioned, namely, that (1) the trial court's decision in *McReynolds* was rendered prior to the time the hearing officer denied the plaintiff's motion to dismiss the charges and (2) such decision was expressly referred to in the plaintiff's reply memorandum which he submitted to the defendant. Since the appeal of such decision is considered to be merely a continuation of the original proceeding (Ill. Rev. Stat. 1973, ch. 110A, par. 301), it therefore cannot be said that, merely because the reviewing court in *McReynolds* rendered its decision after the defendant denied the plaintiff's motion to dismiss the charges, such consideration of that opinion in the case at bar would constitute a retroactive application of the *McReynolds'* judgment.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.