This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court, wherein the trial court ordered specific performance of a lease option agreement and compensatory damages in the amount of $1,566.86, in favor of plaintiffs-appellees, Mark Frankland and Mary Kay Frankland, against defendants-appellants, Dwain Hawkins and Martha Hawkins.
Appellants are the owners of several contiguous tracts of land totaling an estimated one-hundred and eighty acres, consisting of appellants' home, a farm house and garage, and farm land. The real estate has been in appellants' family since 1834. In 1987, appellees entered into an oral month-to-month lease with appellants for the farm house and the garage situated on said land. (Tr. 73-74, filed on October 6, 1997). Prior to the oral lease agreement with appellees, appellants had leased the farm land, to the back of the farm house on said land, to Harold and Beulah Petre ("the Petres").
Both appellees and the Petres used a common driveway for ingress and egress to the land. (Tr. 74, filed October 6, 1997). The gravel drive, which was in existence prior to either tenant's agreement with appellants concerning the land, was maintained by the Petres and was their only access to the farm land. (Tr. 74, filed October 6, 1997).
In 1990, after entering into an option-to-purchase lease agreement with the Petres, appellants indicated to appellees a desire to sell the leased land. Appellees offered a proposed land installment contract to appellants. However, appellants, after consulting their accountant, opted to use a lease option agreement instead. (Tr. 38, filed October 6, 1997). Although the essential terms of both the option and installment agreements were fundamentally the same, the land installment contract contained an exception for easements of record, thereby including the easement for the common driveway, while the lease option agreement, effectuated on March 4, 1991, excluded said easement for the common driveway.
On February 6, 1996, appellees opted to purchase the farm house and garage they were leasing. It was after this decision that appellees first made an inquiry about the driveway. (Tr. 41, filed October 6, 1997). Immediately after this inquiry, appellants informed appellees of the mistake and tendered a deed with an exception for the common driveway. However, appellees rejected the tendered deed. (Tr. 41, filed October 6, 1997).
On September 6, 1996, appellees filed a complaint for specific performance and breach of contract. Appellants counterclaimed requesting reformation of the contract based upon mistake. Thereafter, both parties filed separate motions for summary judgment. On June 11, 1997, the trial court filed its judgment entry granting summary judgment in favor of appellees in part and finding that appellees were entitled to specific performance. However, the trial court required further hearing on the issues of mistake and reformation. A trial commenced on July 17, 1997, wherein both parties offered testimonial and documentary evidence. The trial court then filed its judgment entry, ordering appellants to convey the subject real estate to appellees free of the driveway easement and allowing appellees to file an application for damages within thirty days. On December 23, 1997, the trial court held the second trial on the issues of damages. The trial court issued a judgment entry on January 6, 1998 and anunc pro tunc judgment entry on January 21, 1998, awarding appellees compensatory damages in the amount of $1,566.86. This appeal followed.
Appellants set forth two assignments of error on appeal.
Appellants' first assignment of error alleges:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY REFUSING TO REFORM THE LEASE OPTION AGREEMENT TO CONFORM TO THE TRUE INTENTIONS OF THE PARTIES, AS MANIFESTED BY THE COURSE OF CONDUCT BY THE PARTIES FOR SEVERAL YEARS BEFORE AND AFTER EXECUTION OF THE CONTRACT."
Appellants contend that the trial court should have denied appellees' motion for summary judgment seeking specific performance of the lease option agreement, and should have reformed the contract to the intentions of the parties as manifested by the parties' course of conduct for several years before and after the execution of the agreement. Reformation serves as a remedy to parties when the agreement fails, through mutual mistake or fraud, to express the real agreement or intention of the parties. Greenfield v. Aetna Casualty SuretyCo. (1944), 75 Ohio App. 122. Appellants argue that reformation should apply because the lease option agreement did not express the intent of either party due to both mutual mistake and fraud.
Appellants maintain that a court may refuse specific enforcement of a contract entered into by a defendant under a mistake, where it appears that the defendant would not have entered into same, were it not for the mistake. 84 Ohio Jurisprudence 3rd (1988) 334, Mistake, Section 53. Appellants contend that in September of 1990, they entered into a lease option agreement with the Petres with the intention that the Petres would continue to use the existing common driveway. (Tr. 32, October 6, 1997). Further, they assert that it was never their intention to sell the farm house and garage to appellees without a common driveway. (Tr. 40, filed October 6, 1997).
Secondly, appellants allege that the contract in question likewise did not express appellees' intent. To determine a mutual mistake, a trial court "must examine the parties' conduct, any course of dealings between them and the method of handling the specific transaction in question." Harvey v. Harvey
(1993), 91 Ohio App.3d 404, 410 quoting Castle v. Daniels (1984)16 Ohio App.3d 209, 212. Appellants state that appellees had used the driveway in common with the Petres for their entire tenancy. Further, they suggest that the lack of discussion concerning the driveway prior to the agreement's execution demonstrates mutual mistake.
Appellants additionally reason that even a unilateral mistake may entitle the mistaken party to contract reformation in certain circumstances. Appellants claim that a contract may be reformed where a unilateral mistake affects the agreement to such an extent that the contract is not a correct integration of the agreement made by the parties. See Snedegar v. MidwesternIndemn. Co. (1988) 44 Ohio App.3d 64.
In the alternative, appellants argue that fraud existed. Appellants contend that because appellees failed to have a title examination performed, appellees attempted to avoid notice. Appellants reason that a title examination would have provided sufficient actual notice, thus requiring inquiry into the driveway. Appellants propose that one who fails to inquire into a fact is deemed to have notice. "A person has no right to shut his eyes or his ears to avoid information, and then say that he has not been given any notice." Rhoden V. Akron (1988), 61 Ohio App.3d 725,728. Appellants argue that because appellees had notice of the mistake when the lease option agreement was made, they had a duty to make inquiry about the status of the common driveway. By virtue of appellees' failure to inquire, appellants contend that appellees committed a "species of fraud." Appellants conclude that the trial court ignored these facts and thus, abused its discretion by ordering specific performance rather than reformation.
There are essentially three reasons why the trial court's decision was proper. First, the lease option agreement was clear and requires no reconstruction; second, appellants have not overcome their burden to allow reformation of the agreement; finally, appellants can construct a second drive for the Petres' use on the remaining land.
In construing the agreement at issue, the trial court was correct in presuming that appellants' attorney, when drafting the agreement, used those words most favorable to appellants' interest. Cleland v. Cleland, (1958) 79 Ohio Law Abs. 566. Further, when an attorney drafts a contract and there is an obvious omission of familiar words, which have a settled legal meaning, the logical presumption is that the omission was intentional. Walter v. Pugh (1945), 16 Ohio Supp. 72. Signed contracts are presumably understood by the parties thereto.Hennick v. Hennick (1940), 32 Ohio Law Abs. 339. In Trader v.People Working Cooperatively Inc. (1994), 104 Ohio App.3d 690, the court stated that when the terms of a written contract are clear, the court presumes that the parties' intent resides in the words of the agreement and therefore, the parol evidence rule prevents the parties from introducing evidence of prior or contemporaneous negotiations that would alter the terms of the written document. In Inland Refuse Transfer Co. v. Browning-FerrisIndustries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322 the Ohio Supreme Court held:
 "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241
[7 O.O.3d 403]. However, if a term cannot be determined from the four corners of the contract, a factual determination of intent or reasonableness may be necessary to supply the missing term. Hallet Davis Piano Co. v. Starr Piano Co. (1911), 85 Ohio St. 196."
Furthermore, while circumstances surrounding the parties when a contract is entered into may be proven in order to enable the court to put itself in the place of the parties, such circumstances may not contradict or vary the contract. Rorick v.Gilbert, (1931), 45 Ohio App. 96.
The lease option agreement entered into between the parties clearly set forth the quality of the title that appellants were required to furnish appellees regarding the sale of the real estate. The agreement stipulated that appellants were to provide appellees with:
 "* * * a title guarantee issued by a responsible title company showing a marketable title to said premises, free from encumbrances * * * and to convey said premises to said Lessees (Appellees) by a good and sufficient deed of general warranty with a covenant against encumbrances * * *."
Furthermore, appellants had leased land with an option to purchase to the Petres. The Petres' lease was executed six months before the lease was entered into between appellees and appellants, and it likewise excluded an easement for the use of the common driveway. Such omission provided additional evidence that appellants never intended that the driveway be added as an encumbrance to the parcel of land sold to appellees.
In the present case, there was a presumption that appellants' counsel drafted the agreement in their best interest and that the exclusion of the easement was intended. Cleland, supra;Walter, supra. Therefore, since the terms of the agreement were clear, appellants were precluded from offering parol evidence to indicate they intended that the easement be included in the agreement, as this would alter the agreement. Trader, supra.
Secondly, appellants have not overcome their burden to prove the need for reformation. In Baltimore O.R. Co. v. Bing (1913),89 Ohio St. 92, the Ohio Supreme Court stated that a written instrument may only be reformed for fraud or actual mistake, neither of which exist where the instrument has been executed by parties with full knowledge of its contents and all facts and circumstances surrounding same.
The Ohio Supreme Court has held that reformation can only be used to remedy a mutual mistake, not a unilateral one. Bellish v.CIT Corp. (1943), 142 Ohio St. 36. Appellant incorrectly asserts that reformation of unilateral contracts apply generally. Rather, the only exception that this court has observed from Ohio cases which allows for unilateral mistake reformation involves insurance policies. Snedegar, supra. Therefore, appellants' assertion does not apply to the case at bar. Moreover, clear and convincing evidence of a mutual mistake is required. Castle v. Daniels (1984),16 Ohio App.3d 209.
In the case at bar, although it seems clear that appellants did make a mistake in excluding the driveway easement in appellees' lease option agreement, it is not clear that appellees' made the same mistake as they were not the party to draft the agreement, nor would the easement in any way benefit appellees. Appellants cannot claim relief on the grounds of mistake, when the mistake was the result of their own negligence. Midwest Mutual InsuranceCo. v. Lightning Rod Mutual Insurance (March 15, 1994), Belmont App. No. 92-B-53 unreported, citing Carucci v. John Hancock MutualLife Insurance Co. (1968), 15 Ohio App.2d 1.
Finally, appellants had the ability to place a drive over their remaining acreage at numerous other points to service the acreage owned by them and sold to the Petres. Thus, appellants were capable of deeding the real estate to appellees free of encumbrances. Therefore, the trial court did not abuse its discretion in its finding that there was no mutual mistake between the parties.
Further, although appellants claim fraud, the trial court properly concluded that appellees were not fraudulent. Fraud is "any kind of artifice employed by one person to deceive another, or some willful act or omission which is unconscientious and a violation of good faith and by which one person obtains an undue advantage over another." Cramblett v. Cramblett (December 15, 1995), Harrison App. No. 479, unreported, quoting 50 Ohio Jurisprudence. 3d 353-354, Fraud Deceit, Section 1. Although this court upheld a duty to inquire in Hirschl v. Evans (March 27, 1996), Mahoning App No. 94 CA 43, unreported, fraud does not exist where an instrument has been executed by both parties with full knowledge of its contents and all facts and circumstances surrounding same. For these stated reasons, the trial court acted reasonably in finding that fraud did not exist.
The trial court did not abuse its discretion when it required specific performance on the lease option agreement rather than reformation. "Abuse of discretion connotes more than an error of law or judgement; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Tracy v. Merrell-DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152. The trial court used reasonable discretion and found that the terms of the agreement in question were clear. Therefore, the parol evidence rule barred any modification. Furthermore, the trial court correctly found that appellants did not meet their burden of proof for reformation, requiring either mutual mistake or fraud.
Appellants' first assignment of error is found to be without merit.
Appellants' second assignment of error alleges:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY AWARDING DAMAGES BASED UPON THE TESTIMONY OF A WITNESS, WHOSE UNDERLYING ASSUMPTIONS HAD NO BASIS IN FACT."
Appellants assert that the trial court abused its discretion when it adopted the damage findings of appellees' witness, Venita Collins, as her testimony was based upon inaccurate information. At the hearing on damages, Ms. Collins testified that had appellees' loan with Charter One Bank closed in March of 1996 (transcripts refer to February), appellees would have paid $1,566.86 less in interest through December 31, 1997 (Tr. 24, filed April 13, 1998) than appellees actually paid to appellants. Using amortization schedules, the witness concluded that the principal balance after the February 1, 1996 payment was $42,278.44. However, appellants maintain that the principal balance due was different from that which was calculated by the witness. (Tr. 24-27, filed April 13, 1998). Appellants contend that less interest was due than the amount to which Ms. Collins testified. (Tr. 32, filed April 13, 1998)
While a review of the record indicates that appellees' acknowledged the principal balance used by Ms. Collins was inaccurate, appellants stipulated that the difference in interest of $1,566.86 was correct. (Tr. 20, filed April 13, 1998). Moreover, such stipulation was never withdrawn upon the record. Therefore, this court will not modify the trial court's compensatory damage award of $1,566.86, nor can we say that the trial court erred in rendering such award.
Appellants' second assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
 APPROVED: _____________________________
EDWARD A. COX, PRESIDING JUDGE