HARVEY, Appellant,

v.

HARVEY et al., Appellees.

[Cite as *Harvey v. Harvey* (1993), 91 Ohio App.3d 404.]

Court of Appeals of Ohio,
Medina County.

No. 2187.

Decided Nov. 3, 1993.

*Stephen J. Brown,* for appellant.

*Ian Haberman, Lawrence S. Brandel* and *William B. Young,* for appellees.

DICKINSON, Judge.

Plaintiff Olive Elizabeth Harvey has appealed from an order of the Medina County Court of Common Pleas that reformed a deed. The grantee clause of the

deed conveyed certain real estate to "James D. Harvey and Son, a partnership consisting of James Duncan Harvey and Olive Elizabeth Harvey and James Donald Harvey and Beverly Ann Harvey." The trial court held that the named partnership actually consisted of James Duncan Harvey and James Donald Harvey and reformed the grantee clause to correct what it found was a mutual mistake. Plaintiff has argued (1) that the trial court incorrectly held that the deed did not create a partnership; (2) that the trial court incorrectly ignored testimony that the grantors intended to convey the land to four people; and (3) that the trial court incorrectly ignored testimony that the grantors intended to convey the land to a partnership of four rather than a partnership of two. This court affirms the judgment of the trial court because the deed at issue did not itself create a partnership, and the trial court's conclusion that the description of the partnership contained in the deed was a mutual mistake was not against the manifest weight of the evidence.

## I

On December 9, 1960, plaintiff Olive Elizabeth Harvey and her husband, James Duncan Harvey, purchased approximately one hundred fifteen acres of real estate in Montville Township, Medina County, Ohio. They purchased the real estate so plaintiff's husband and the couple's son, defendant James Donald Harvey, could establish a cattle farm. Plaintiff and her husband paid the down payment and borrowed the remainder of the purchase price from The Old Phoenix National Bank, securing the loan with a note and a mortgage deed. The signatures of James Duncan Harvey, Olive Elizabeth Harvey, James Donald Harvey, and Charlotte Harvey (defendant James Donald Harvey's first wife) appeared on the mortgage deed.

The four Harveys moved into the house located on the real estate and defendant James Donald Harvey began building a second house on the real estate. During December 1963, the four Harveys borrowed money from Akron Savings and Loan Company. Part of the loan was used to pay off the Old Phoenix note and the remainder was used to finish defendant James Donald Harvey's house.

In January 1965, James Duncan Harvey and defendant James Donald Harvey executed "Articles of Co–Partnership." The partnership that was created by those articles was to operate under the name James D. Harvey and Son and its stated purpose was to buy, sell, and breed cattle. Article III of the document stated that the capital of the partnership included "trade fixtures, furniture, equipment, cattle, good will, real estate, and two dwelling houses." The included real estate was described in Schedule A of the document:

"Parcel I. Situated in the Township of Montville, County of Medina and State of Ohio, and known as being the South part of Lot 18, containing 50 acres.

"Parcel 2. Situated in the Township of Montville, County of Medina and State of Ohio, and containing 37.50 acres in Lot 17 and 27.50 acres in Lt. 36." (This was the same real estate mentioned previously that plaintiff and her husband had purchased on December 9, 1960.)

Article IX of the document stated that all monies generated by the partnership were to be deposited with Old Phoenix or any other mutually agreed upon bank "to the account and credit of James D. Harvey and Son." Article IX also provided that the respective wives of James Duncan Harvey and defendant James Donald Harvey were to have authority to sign checks on behalf of the partnership.

During October 1965, the Harveys opened a checking account at Old Phoenix in the names of Harveys Hereford Farm, James D. Harvey and Olive E. Harvey. Plaintiff, her husband, defendant James Donald Harvey, and defendant James Donald Harvey's first wife had authority to sign checks drawn on the account.[1] The proceeds from the cattle business were deposited into the account and, when necessary, the four Harveys equally contributed additional amounts. The Harveys paid mortgage payments, real estate taxes, insurance premiums, and all other expenses related to the operation of the farm from the account at all times relevant to this case.

The farm was operated under the name Harveys Hereford Farm. The Harveys, however, never formally designated that as the name of a separate partnership or as a d.b.a.

During 1973, plaintiff and her husband executed the deed at issue in this case. It was prepared by defendant James Donald Harvey's attorney. That deed, which was recorded on or about April 27, 1973, conveyed all but one acre of the real estate that had been purchased by plaintiff and her husband on December 9, 1960. The grantee clause at issue in this case provided that the real estate was to be conveyed to "James D. Harvey and Son, a partnership consisting of James Duncan Harvey and Olive Elizabeth Harvey and James Donald Harvey and Beverly Ann Harvey."

The one-acre parcel that was not included in the 1973 deed had been previously conveyed to Kenneth G. Spires and Judith M. Spires, plaintiff's son-in-law and daughter. On January 17, 1978, James D. Harvey and Son, a Partnership, conveyed a second one-acre parcel of the real estate to Mr. and Mrs. Spires.

---

1. Defendant James Donald Harvey's second wife, defendant Beverly Ann Harvey, was later substituted for his first wife as an authorized signatory on the account.

That deed was signed "James Duncan Harvey, Partner" and "James Donald Harvey, Partner." The certificate of partnership filed with that deed stated that the partners were James Duncan Harvey and James Donald Harvey.

During January 1979, James Duncan Harvey and defendant James Donald Harvey executed a "Restatement of Partnership Agreement." That document's stated purpose was the same as the original partnership agreement signed in 1965. There were some differences, however, from the 1965 agreement. For example, the 1979 restatement listed additional assets, namely farming equipment, and it provided for a division of the real estate upon a partner's death.

Pursuant to the 1979 restatement, upon the death of a partner, the surviving partner could choose to either purchase the deceased partner's interest in the partnership or allow the partnership to terminate. If the surviving partner elected to purchase the deceased partner's interest, Article 14 of the restatement provided that real estate described in Schedule B of the restatement was to be distributed to James Duncan Harvey, or his estate or beneficiary, and real estate described in Schedule C of the restatement was to be distributed to James Donald Harvey, or his estate or beneficiary. Schedules B and C both simply read "see plan of lot split marked final 1/30/79 by Root and Associates," referring to a map in which parts of the real estate surrounding James Duncan Harvey's and defendant James Donald Harvey's houses were blocked off from the rest of the real estate and respectively labeled "B" and "C."

Defendant James Donald Harvey testified that the real estate was to be split so that each partner's share would include his house and the immediately surrounding land. He further testified that the split would permit a deceased partner's spouse to keep possession of her residence.[2] Article 14 of the restatement provided that the partnership assets would be valued either by agreement of the parties or by taking one half of the book value or fair market value and subtracting the partnership debts and liabilities. The real estate described in Schedules B and C, however, was valued at $0.00.

Article 15 of the restatement provided that if the surviving partner elected not to purchase the deceased partner's partnership interest, the partnership would terminate. Paragraph (b) of Article 15 provided that in that event, the real estate listed in Schedules B and C would still be distributed in the manner set forth above.

---

2. In an affidavit filed with the trial court, defendant James Donald Harvey stated that the provisions of the Restatement of Partnership Agreement would ensure that plaintiff would "receive the farmhouse in which she lived [and] two acres of land."

During 1980, a gas lease was executed for the real estate at issue. All four of the Harveys separately signed the lease, and no reference was made to a partnership. All money due under the lease was to be paid to plaintiff's husband.

During the time relevant to this case, Carl Storm, an accountant, prepared individual tax returns for all four Harveys, as well as returns in the name of Harveys Hereford Farm. Harveys Hereford Farm's tax returns reflected that distributions of income were made to James Duncan Harvey and James Donald Harvey. Storm testified that he considered James D. Harvey and Son and Harveys Hereford Farm to be the same entity. No tax identification number was ever obtained, nor bank account opened, in the name of James D. Harvey and Son, a Partnership. Further, no tax returns were ever filed on behalf of James D. Harvey and Son, a Partnership.

By 1988, plaintiff's husband was terminally ill with emphysema. On July 1, 1988, plaintiff's husband and defendant James Donald Harvey purportedly signed two addenda to the 1979 Restatement of Partnership Agreement, although plaintiff has since denied the validity of her husband's signature on those addenda. One addendum changed the description of land contained in one of the two schedules incorporated into the 1979 Restatement of Partnership Agreement. That addendum added additional real estate to Schedule C, the part that was to be conveyed to defendant James Donald Harvey or his estate or beneficiary upon the death of one of the partners. The other addendum amended the dollar value set forth in the 1979 restatement for the remaining real estate, from a nonspecific amount based upon agreement of the parties, book value, or fair market value, to $100,000, with the surviving partner's purchase price at one half, or $50,000.

Following plaintiff's husband's death, defendant James Donald Harvey sent a letter to plaintiff, his mother, stating that he was exercising his option to purchase his father's partnership interest, including the real estate. Plaintiff thereafter filed this action in the court of common pleas against James Donald Harvey, James Donald Harvey in his capacity as executor of James Duncan Harvey's estate, and Beverly Ann Harvey. The complaint was later amended to substitute William B. Young, Administrator WWA, for James Donald Harvey, Executor. James Donald Harvey and Beverly Ann Harvey remained defendants in their personal capacities.

By her complaint, plaintiff requested that the real estate be partitioned or sold. At the time the complaint was filed, the property consisted of one hundred thirteen acres of land, two houses, outbuildings, including several large barns, several oil and gas wells, and two lakes. Plaintiff argued to the trial court that the deed at issue either created a de facto partnership in the farming enterprise or a tenancy in common. If it created a de facto partnership, plaintiff requested that the trial court dissolve and wind up that partnership, order an accounting of

the partnership's assets, and award her share of the income and assets of the partnership to her. Alternatively, if the court concluded that the deed created a tenancy in common, plaintiff asked the court to either partition the property or have it sold.

Based upon the accountant's testimony and review of the Articles of Co-Partnership, Restatement of Partnership Agreement, two Harveys Hereford Farms Form 1065 Partnership returns, the checking account, loan payments, and the stationery used by the partnership, the trial court found that plaintiff's husband and defendant James Donald Harvey intended to form, and indeed did form, a partnership of two people. It held that the deed was inconsistent with the written partnership agreement and the parties' intent. Accordingly, to resolve any ambiguity regarding which parties were partners in the partnership, the trial court reformed the deed to read "James D. Harvey and Son, a partnership consisting of James Duncan Harvey and James Donald Harvey."

## II

To reform a deed, a court must find by clear and convincing evidence that the parties were mutually mistaken regarding the contents of the deed. *Castle v. Daniels* (1984), 16 Ohio App.3d 209, 212, 16 OBR 224, 227, 475 N.E.2d 149, 152–153. Reformation makes a writing express the agreement that was intended by the parties. *Id.* at 212, 16 OBR at 227, 475 N.E.2d at 152–153, citing 1 Restatement of the Law 2d, Contracts (1981) 406, Section 155, Comment *a.* The fact that parties testify differently regarding their agreement does not mean that a mutual mistake occurred. *Id.* Therefore, to determine the intent of the parties and whether a mutual mistake occurred, a court must examine the parties' conduct, any course of dealings between them, and the method of handling the specific transaction in question. *Id.*

## A

Plaintiff's first assignment of error is that the trial court incorrectly reformed the deed to change its description of the partnership. Plaintiff has argued that the deed itself created the partnership. The deed stated that the partnership of James D. Harvey and Son was composed of James Duncan Harvey, Olive Elizabeth Harvey, James Donald Harvey, and Beverly Ann Harvey. A partnership known as James D. Harvey and Son, however, had been formed in 1965 with only two partners, plaintiff's husband, James Duncan Harvey, and the couple's son, defendant James Donald Harvey. Plaintiff has argued that the deed created a second partnership which was independent of the pre-existing partnership known by the same name.

R.C. 1775.05(A) defines a "partnership" as "an association of two or more persons to carry on as co-owners a business for profit." Given that broad definition, R.C. 1775.06 sets forth guidelines for determining the existence of a partnership. Tenancy in common or joint ownership in real estate does not, of itself, establish a partnership regardless of whether such co-owners share in any profits made by use of the real estate. R.C. 1775.06(B). Sharing gross returns does not, of itself, establish a partnership. R.C. 1775.06(C). Receiving a share of profits from a business, however, is prima facie evidence that a person is a partner. R.C. 1775.06(D). Based upon these guidelines, courts have ruled that a partnership exists when "there has been a sharing of net profits from a continuing business operated by two or more persons, where each is capable of binding the business entity." *Simandl v. Schimandle* (1982), 3 Ohio App.3d 357, 360, 3 OBR 414, 417, 445 N.E.2d 734, 736. Therefore, a trial court may consider a deed along with other evidence to determine whether a partnership has been formed, but it may not make that determination based exclusively on the deed. Accordingly, plaintiff's first assignment of error is overruled.

### B

■ Plaintiff's second assignment of error is that the trial court incorrectly ignored the grantors' intent to convey the land to four persons in equal shares. As stated previously, the deed recited that the property was granted to "James D. Harvey and Son, a partnership, consisting of James Duncan Harvey and Olive Elizabeth Harvey and James Donald Harvey and Beverly Ann Harvey." The issue is whether this clause was meant to grant the property to the partnership or to the four individuals. The trial court first held that plaintiff was not part of a partnership known as James D. Harvey and Son and that the partnership was composed of only two people. The trial court then held that the real estate was granted to that two-person partnership. In so holding, the court determined that the description of the partnership in the deed was a mutual mistake and that, at the time the deed was executed, the parties understood the partnership to consist of two people rather than four.

■ A court may reform the grantee provision of a deed if the provision is incorrect and if the evidence before the court does not establish a rationale to preserve the original language. *Czika v. Czika* (Dec. 16, 1983), Lake App. No. 9–290, unreported, 1983 WL 6018. In this case, the property was used primarily for farming and raising cattle. Although the property was not deeded in the name of the partnership until 1973, the 1965 partnership agreement between plaintiff's husband and defendant James Donald Harvey was evidence that it was considered a partnership asset.

Other than plaintiff's testimony regarding her intent as a grantor and the deed itself, there was no evidence that the grantors intended plaintiff and defendant Beverly Ann Harvey to receive a share of the property. Plaintiff's husband's will directed the executor to abide by the partnership agreement that was in effect at the time of James Duncan Harvey's death with regard to the sale or disposition of his share of the partnership. The real estate at issue in this case (other than the house and surrounding two acres that passed to James Duncan Harvey's estate pursuant to Schedule B of the 1979 Restatement of Partnership) was not otherwise mentioned in his will. Plaintiff did not produce evidence of a partnership agreement, other than the one submitted by defendants, which could be read with the will, nor did she provide evidence from which the court could have concluded that there was an oral partnership agreement or that she and James Duncan Harvey meant to convey the property to four people. The grantee was the partnership and the description of the partnership contained in the deed was a phrase that provided information that was descriptive rather than restrictive. The trial court properly held that a mutual mistake had occurred as to the family members who were partners in the partnership. Plaintiff's second assignment of error is overruled.

## C

Plaintiff's third assignment of error is that the trial court incorrectly held that it was the grantors' intent to convey the land to a partnership of two individuals rather than a partnership of four individuals. There are various factors at which a court may look when making a determination of whether a partnership exists. For example, a court may look to whether the parties worked in the business, shared receipts, consulted each other, signed contracts, and whether it appeared to others that the business was run as a partnership. See *Simandl, supra.* This list is not exhaustive and is set forth only as a guideline.

In this case, plaintiff was a borrower on two loans for which the real estate at issue was used as security. She was authorized to draft checks on an account in the name of "Harveys Hereford Farm, James D. Harvey and Olive Harvey," and she and her husband were partially responsible for replenishing that account when necessary. She signed an oil and gas lease for wells on the property. Further, she testified that she did whatever work was necessary to run the farm, although she never specified what that work was, other than writing checks. Plaintiff filed a joint tax return with her husband, but she did not provide any evidence that she shared in the profits of the business or that others observed her acting in the capacity of a partner. In her deposition, which was filed with the court, plaintiff stated that the real estate was purchased so that it could be farmed by her husband and her son. She further testified that it was her belief

that she owned a one-quarter share of the real estate and that she was a partner in the partnership.

The trial court did not find that Mrs. Harvey's testimony explained the discrepancy between the contents of the deed and the lack of partnership indicia. Evaluating evidence and assessing credibility are primarily for the trier of fact. *Crull v. Maple Park Body Shop* (1987), 36 Ohio App.3d 153, 154, 521 N.E.2d 1099, 1100–1101. A reviewing court may not disturb these findings unless they are contrary to the manifest weight of the evidence. *Id.*

Other evidence presented to the trial court supported its decision. That evidence included the Articles of Co–Partnership, which the court held provided a written expression of the partnership James D. Harvey and Son which was entered into by plaintiff's husband and defendant James Donald Harvey. Although those articles provided that Olive Elizabeth Harvey and Beverly Ann Harvey would be able to sign checks from the partnership account, they did not grant the wives authority to otherwise bind the partnership. The trial court noted that the partnership assets that were incorporated into the partnership agreement included the real estate in question, as well as other property used in connection with running the farm. Despite the fact that the partnership agreement was signed eight years before the property was deeded to the partnership, the trial court held that the deed was executed in furtherance of the agreement and that the actions regarding the partnership involved only two partners—the father and son. From the evidence presented by both sides, the trial court could have reasonably determined that plaintiff shared in the profits only as her husband's spouse, and not as a partner of the partnership. Further, the trial court could have reasonably determined that plaintiff was not capable of binding the partnership.

As previously discussed, the trial court properly found that the property was to go to a partnership, not to individuals. Further, the trial court found that only one partnership existed. But for plaintiff's testimony and the deed itself, there was no evidence that the grantors intended to convey the property to a separate partnership with the same name as the existing partnership. Other than the deed and her own testimony, plaintiff did not produce any evidence of a second partnership composed of four people, such as agreements, certificates of partnership, contracts, profit statements, or oral testimony, that would establish the existence of this second partnership. There was clear and convincing evidence, however, of one partnership composed of two people, including the Articles of Co–Partnership, Restatement of Partnership Agreement, Harveys Hereford Farms Form 1065 Partnership returns, stationery used by the partnership, and plaintiff's husband's will. Accordingly, plaintiff's third assignment of error is overruled.

## III

Plaintiff's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

Cook, P.J., and Quillin, J., concur.