JOURNAL ENTRY and OPINION
{¶ 1} Appellant Roger Ehrhardt appeals the trial court's jury instructions regarding the definition of a partnership. In the case below, the jury found that no partnership existed between Ehrhardt and appellee Joanne Abbate and that, therefore, Ehrhardt was not entitled to any proceeds from the sale of a restaurant at which Ehrhardt worked.
{¶ 2} Ehrhardt alleged that he entered into a partnership with Abbate in 1992 and that he was therefore entitled to a portion of the proceeds from the sale of RJ Bar Grill, which was allegedly done without Ehrhardt's consent. Abbate brought a counterclaim, alleging that she did not enter into a partnership with Ehrhardt and that Ehrhardt had converted funds and made unauthorized credit purchases.
{¶ 3} The court instructed the jurors that the issues before them were: (1) whether a partnership agreement existed between the parties and (2) if so, whether the terms of the partnership agreement entitled Ehrhardt to a portion of the proceeds and (3) what amount Ehrhardt was entitled to.
{¶ 4} The following are the court's jury instructions regarding the definition of a partnership, to which Ehrhardt brings his appeal:
 {¶ 5} A partnership is defined as an association of two or more persons to carry on, as co-owners, a business for profit.
 {¶ 6} A written agreement is not required for a partnership to exist.
 {¶ 7} Generally, in determining whether a partnership existed between the Plaintiff and the Defendant, you must consider the elements of partnership considered critical to the existence of a partnership, which generally include:
 {¶ 8} 1. An association of persons under a contract or agreement;
 {¶ 9} 2. Sharing of profits and losses from the business enterprise;
{¶ 10} 3. Mutual agency and control; and
{¶ 11} 4. Co-ownership of the business.
 {¶ 12} The Uniform Partnership Law provides general rules for making the determination whether a partnership exi[s]ts. No one fact or circumstance is a conclusive test of partnership, nor is it possible to state any number of facts decisive in all cases. Rather, each case must be decided under its peculiar facts, considering the totality of all relevant facts and circumstances, and substance and not form should be the controlling criterion in determining the nature of a business relationship as a partnership.
 {¶ 13} Now, as to the elements here, I will expound on those.
 {¶ 14} The sharing of profits and losses. The formation of a business for profit is an essential element of partnership. There must be a community of interest in the profits of the business partnership, and an agreement or right to share profits, as well as an obligation to share losses.
 {¶ 15} Under the Uniform Partnership Law, the receipt by a person of a share of the profits of a business generally constitutes prima facie evidence that he or she is a partner in the business.
 {¶ 16} It is essential that participation in profits be as profits and not as a payment for services or for the use of property proportioned to profits in order for an inference of partnership to arise.
 {¶ 17} Thus, although the receipt by a person of the share of the profits of a business generally constitutes prima facie evidence that he is a partner in the business, no such inference may be drawn if such profits were received in payment as wages of an employee or rent to a landlord.
 {¶ 18} Now, let me define for you the term prima facie evidence. * * *
 {¶ 19} Now, in addition to what I have just read, the Uniform Partnership Act provides that no inference of partnership may be drawn from the receipt by a person of a share of the profits of a business if such profits were received in payment as rent to a landlord, a debt by installments or otherwise, an interest on a loan, though the amount of payment varied with the profits of the business, or the consideration for the sale of goodwill of a business or other property, by installments or otherwise.
 {¶ 20} Moreover, the sharing of profits is not alone conclusive of the existence of a partnership relation, and the participation in profits does not necessarily constitute the recipient a legally responsible partner, in the absence of the other essential elements of partnership, including the contract of partnership. That's one element.
 {¶ 21} Mutual agency. Under the Uniform Partnership Act, every partner is an agent of the partnership for the purpose of its business and the agency of the parties for each other; that is, a mutual agency in which each partner is a principal of and agent for the other, has to be held an essential element of the partnership relation.
 {¶ 22} Co-ownership. The Uniform Partnership Law defines partnership in terms of the parties' co-ownership of a business, making co-ownership of the business and (sic) essential element of partnership. By contrast, although co-ownership of a business and a sharing of profits and losses are considered essential tests of partnership, the partners' co-ownership of property, as opposed to business, is not essential but is generally considered only a common attribute or characteristic of partnership.
 {¶ 23} Ohio law requires that every partnership transacting business in this State under a fictitious name, such as RJ's Bar Grill, shall file for record, with the County Recorder of the County in which its principal (sic) office or place of business is situated, a certificate to be recorded and indexed by the Recorder, stating the names in full of all members of the partnership and their places of residence. A certificate shall be signed by the partners and acknowledged by some officer authorized to take acknowledgments of deeds. It is undisputed that such a partnership certificate was not recorded in this case.
 {¶ 24} Ohio law also requires that any person making application for a liquor permit to conduct business shall list on the application the name and address of each person having a legal or beneficial ownership of the business. If any person is a partnership, the applicant shall list the names of each partner. Any person having a legal or beneficial interest shall notify the Division of Liquor Control of the interest in such ownership. Such notification shall be given within 15 days of the change. It is undisputed that the liquor permit application, in this particular case, failed to contain a notation regarding the partnership status of the applicant, in this case, Joann (sic) Abbate.
 {¶ 25} Now, in determining whether or not a partnership existed, you must consider the four elements required and, as to the following requirements, you may consider these facts and draw whatever inferences you deem proper from them:
 {¶ 26} If you find that Plaintiff, Roger Ehrhardt, has proved the existence of the partnership by a preponderance of the evidence, and if you further find that the partnership agreement entitled Plaintiff, Roger Ehrhardt, to proceeds of the sale of the bar, you must then determine what amount is to be disbursed to Plaintiff, Roger Ehrhardt, if any.
{¶ 27} After the court instructed the jury, counsel for Ehrhardt raised his objection:
 {¶ 28} The jury instructions consist of recitations from O Jur 3d, as opposed to from (sic) the case of Harvey [Harvey v. Harvey (1993), 91 Ohio App.3d 404, 632 N.E.2d 956] and the Ohio Revised Code. I don't think the elements for showing a partnership are conjunctive. I think they are all elements that may be considered, as opposed to mandatory findings.
 {¶ 29} I refer you to the language in here that says, "It is undisputed that the liquor permit application failed to contain a notation regarding the partnership status on the application" and the same language given in a prior charge about the filing of fictitious name documents.
{¶ 30} * * *
{¶ 31} I object to those.
{¶ 32} Ehrhardt therefore brings the following assignment of error for our review:
 {¶ 33} THE TRIAL COURT ERRED IN ITS JURY INSTRUCTION DEFINING A PARTNERSHIP.
 I. APPELLANT'S ARGUMENT
{¶ 34} Under this one assignment, Ehrhardt raises two issues: (1) "Whether the jury instruction defining a partnership should have been read from Ohio Jurisprudence 3rd, or should it have been read from the statutes governing same and Ohio case law interpreting those statutes[;]" and (2) "Whether the Ohio jury instruction defining a partnership should contain four (4) conjunctive elements, or whether those elements are simply among the indicia to be considered in determining if a partnership exists."
{¶ 35} Essentially, Ehrhardt argues that the trial court's instructions were improper because they required the jury to find four "essential elements," rather than to consider relevant factors, in determining whether a partnership existed. Ehrhardt argues that Ohio partnership law does not contain "conjunctive" elements in its definition of partnership, but rather, provides a broad definition with factors that may be considered depending on the specific facts before the jury. The court's requirement that the jury find four "essential elements" in order to find that a partnership existed, Ehrhardt concludes, was in error and the matter should be remanded for proper jury instructions.
 II. LAW
{¶ 36} "In examining errors in a jury instruction, a reviewing court must consider the jury charge as a whole and `must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights.'" Kokitka v. FordMotor Co., 73 Ohio St.3d 89, 93, 1995-Ohio-84, 652 N.E.2d 671, quotingBecker v. Lake Cty. Mem. Hosp. W. (1990), 53 Ohio St.3d 202, 208,560 N.E.2d 165.
{¶ 37} "The trial court need not give a proposed instruction in the precise language requested by its proponent, even if it properly states an applicable rule of law. The court retains discretion to use its own language to communicate the same legal principles." Youssef v. Parr,Inc. (1990), 69 Ohio App.3d 679, 690, 591 N.E.2d 762. And, "this court will not reverse unless an instruction is so prejudicial that it may induce an erroneous verdict." Id., 69 Ohio App.3d at 691.
{¶ 38} Therefore, the trial court's reliance on Ohio Jurisprudence for its jury instructions will not be held to be error unless the instructions given to the jury included an improper statement of law or were so prejudicial as to induce the jury to return an erroneous verdict. See, e.g., Buehler v. Falor, 9th Dist. No. 20673, 2002-Ohio-307 (Whether any given jury instruction is correct must be determined by reference to the substantive law which governs the issues in the case. Thus, `the correctness or incorrectness of an instruction is ordinarily determined by the test whether the rule of substantive law therein stated is correct or incorrect[.]' Clark v. Price (May 22, 1987), Lucas App. No. L-86-187, unreported, 1987 Ohio App. LEXIS 7070, at *6, quoting 70 Ohio Jurisprudence (1986), 447 Negligence Section 232.).
 III. DISCUSSION A. OHIO PARTNERSHIP LAW
{¶ 39} A partnership is "an association of two or more persons to carry on, as co-owners, a business for profit[.]" R.C. 1775.05(A). "Every partner is an agent of the partnership for the purpose of the business." R.C. 1775.08(A). Further, the "law of agency applies under [the partnership] chapter[.]" R.C. 1775.03(C).
{¶ 40} R.C. 1775.06 provides rules to apply in determining whether a partnership exists. Among those rules is that the "receipt by a person of a share of the profits of a business is prima-facie (sic) evidence that he is a partner," unless those profits were received in payment as a debt, wages, etcetera. R.C. 1775.06(D).
 B. TRIAL COURT'S JURY INSTRUCTIONS
{¶ 41} After reviewing the trial court's jury instructions, this court concludes that the instructions did not misstate Ohio law nor were they so prejudicial as to induce a jury to reach an improper decision.
{¶ 42} Ehrhardt makes much of the fact that the trial court called certain factors "essential elements." But read as a whole, the instructions did not force the jury into the position of making findings of those "essential elements" in determining whether a partnership existed. Kokitka, supra. The court instructed the jurors that they "must generally consider the elements of partnership considered critical to the existence of a partnership, which generally include" those elements that Ehrhardt complains of. (Emphasis added.) Further, the court instructed the jurors that receipt of profits "generally constitutes prima facie evidence" that one is a partner. The court continued, "Moreover, the sharing of profits is not alone conclusive of the existence of a partnership relation, and the participation in profits does not necessarily constitute the recipient a legally responsible partner, inthe absence of the other essential elements of partnership, including the contract of partnership." (Emphasis added.)
{¶ 43} The court's statement that mutual agency has to be held an essential element of the partnership relation is a correct statement of Ohio law. With no agency relationship, there is no partnership. R.C.1775.08.
{¶ 44} Further, the court's statement that co-ownership is an "essential element of the partnership" is also a correct statement of Ohio law. Again, the statute defines a partnership as "an association of two or more persons to carry on, as co-owners, a business for profit." R.C. 1775.05(A) (emphasis added). A partnership does not exist without co-owners. The court's instructions regarding co-ownership simply followed the statutory definition of a partnership.
{¶ 45} In sum, the court did not misstate Ohio partnership law. We agree with Ehrhardt that there is no one fact or circumstance that operates as the conclusive test in determining whether a partnership exists. Ehrhardt's argument that the court required the elements to be interpreted conjunctively is not persuasive, however, because nowhere in the instructions did the trial court state that the elements were to be considered conjunctively. In fact, after listing the four "essential" elements, the court instructed the jury:
 {¶ 46} The Uniform Partnership Law provides general rules for making the determination whether a partnership exi[s]ts. No one fact or circumstance is a conclusive test of partnership, nor is it possible to state any number of facts decisive in all cases. Rather, each case must be decided under its peculiar facts, considering the totality of all relevant facts and circumstances, and substance and not form should be the controlling criterion in determining the nature of a business relationship as a partnership.
{¶ 47} And so, while it might have been better had the trial court said "factor" instead of "essential element," the warning, that no one fact or circumstance is conclusive, and the absence of an instruction that the elements are conjunctive in nature, precludes the finding of any error.
{¶ 48} Finally, this court is unable to say definitively whether these instructions were prejudicial to either party based on the facts and circumstances of this case because the record before us is incomplete. "In reviewing a record to ascertain the presence of sufficient evidence to support the giving of a[n] * * * instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instructions." Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585,591, 575 N.E.2d 828, quoting Feterle v. Huettner (1971), 28 Ohio St.2d 54,275 N.E.2d 340, syllabus. Without a complete record, we must presume that the trial court acted correctly. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384. The record before us consists of that part of the transcript that includes the jury instructions and the filings from the trial court. One filing, a motion to dismiss filed by Abbate, includes two exhibits, a liquor license and a vendor's licence — both of which contain only Abbate's name. Ehrhardt filed an exhibit list, but the record before us contains none of those exhibits (unless the liquor license listed is the same as the one attached to Abbate's motion to dismiss, which, again, contains only Abbate's name).
 IV. CONCLUSION
{¶ 49} We therefore hold that the trial court's jury instructions were not in error and we affirm the verdict of that court.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.